■ BETTY WILSON, Appellant, v ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Department of Social Services of the State of New York, dated July 18, 1973, made after a statutory fair hearing, which affirmed a determination of the respondent Commissioner of the Department of Social Services of the City of New York that a grant of public assistance to petitioner be reduced until amounts allegedly overpaid to her are recouped, the appeal, as limited by petitioner's brief, is from so much of a judgment of the Supreme Court, Kings County, entered January 21, 1974, as denied the application. Judgment reversed insofar as appealed from, on the law, without costs, determinations annulled and respondents are directed to restore to petitioner and her two children who reside with her their full benefits, retroactive to June 22, 1973, the date of the fair hearing determination. Petitioner is the recipient of a grant in aid of dependent children. Prior to October 10, 1971 she resided with her four children, who were included in her public assistance grant. It is undisputed that on October 18, 1971 petitioner informed the Prospect Social Services Center that two of her children would no longer be residing with her but would be living in North Carolina. Although her food stamps were subsequently reduced, the amount of her semimonthly public assistance check remained the same. In March, 1973, the respondent New York City Department of Social Services informed petitioner that it had not removed the two children from her budget and that the resulting overpayment would be recouped at the rate of $13.18 per check. It is undisputed that the overpayment resulted from an administrative error with which petitioner had nothing to do. At the fair hearing held on June 22, 1973, petitioner testified that she was unaware of the overpayment and that, although she had been told by the agency that the budget would be changed, she had not been told when the change would occur. She did not think of calling the agency because she did not think it had made an error. She further testified, without contradiction, that she had no funds currently available to her from past payments. The respondent Commissioner of the New York State Department of Social Services subsequently affirmed the city agency's determination pursuant to 18 NYCRR 348.4, finding tht petitioner knew she was being overbudgeted and willfully failed to report that information to the agency. In our opinion, respondents' determinations are not supported by substantial evidence (CPLR 7803, subd 4). The evidence adduced at the hearing amounted to a mere scintilla. No reasonable inference of willful withholding of information could be drawn therefrom *(Matter of Ralph v Board of Estimate of City of N. Y.,* 306 NY 447; *Matter of Stork Rest. v Boland,* 282 NY 256). We further note that the respondents would ordinarily be entitled to seek a limited recoupment of overpayments made purely because of administrative error. However, since it was undisputed that petitioner did not have currently available funds attributable to the overpayment, such a recovery is impermissible (18 NYCRR 352.31[d]). Martuscello, Acting P. J., Latham, Cohalan, Christ and Shapiro, JJ., concur.