■ BARBARA THOMAS, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, Respondent.—Proceeding pursuant to CPLR article 78 to review, as limited by petitioner's brief, so much of a determination of the respondent Department of Social Services of the State of New York, dated January 18, 1974, as, after a statutory fair hearing, (1) affirmed a determination of the respondent Department of Social Services of Nassau County, dated June 20, 1973, to recover a purported "$280 overpayment" upon a grant to petitioner of aid to dependent children and (2) directed said local agency "to take appropriate action". Determinations annulled insofar as reviewed, on the law, without costs, and respondents are directed to remit to petitioner all moneys previously de-

ducted from her grant, pursuant to the determinations under review. Petitioner is the recipient of a grant of aid for herself and her three minor children. Petitioner, allegedly upon instruction of the respondent local agency, brought a filiation proceeding in the Family Court against one Matthew Durant, which resulted in the making of a court order on January 11, 1973 awarding petitioner $10 per week for maintenance and support of the child born to her and Durant. These payments, initially tendered to the Probation Department, which then forwarded the money to petitioner, began on January 15, 1973. It is uncontroverted that petitioner never directly advised the local agency of the receipt of these payments. Several months later she applied for recertification and at this time openly admitted the receipt of this additional income. In June of 1973, petitioner received a notice informing her of the local agency's intent to recoup $280, the amount calculated to be due as a result of her failure to report the support payments. This money was recouped from petitioner's pro rata share of the grant between August and October of 1973. Thereafter, a statutory fair hearing requested by petitioner was held on November 28, 1973. At this hearing the local agency relied upon the report of its court representative, which related the provisions of the court order in the filiation proceeding, and upon petitioner's admission at the time of recertification that she had received these weekly support payments. Nevertheless, the local agency's own witness admitted the fact that the agency knew of the court order one week after the payments began. The witness could offer no explanation for the agency's inaction following the receipt of that information. Petitioner testified that after being awarded the weekly support payments she conferred with a representative of the Probation Department who told her that she did not have to report this income to the local agency because the agency's court representative would relay this information. On January 18, 1974 the respondent State Commissioner upheld the local agency's determination as to the legality of the recoupment, but modified the determination with regard to the method of recovery. In a case of suspected fraud the remedy of recoupment may be utilized where the recipient of the public assistance willfully withheld information about his income or resources and as a result of withholding such information the recipient has received grants to which he is not entitled, in whole or in part (18 NYCRR 348.4). We believe that the evidence is insufficient to establish that petitioner's withholding of the information concerning the support payments was "willful" or resulted in petitioner obtaining grants to which she was not entitled. As to the latter requirement we note that the local agency failed to act upon the information received concerning the court order, in apparent violation of the State agency's own rules and regulations (see 18 NYCRR 348.2[d] [1]–[5]; 348.3). Rabin, Acting P. J., Latham, Brennan and Shapiro, JJ., concur; Cohalan, J., dissents and votes to dismiss the petition on the merits and to confirm the determination of the Department of Social Services of the State.