■    In the Matter of FANNY McCALLION, Petitioner, v JAMES R. DUMPSON, as Commissioner of the New York City Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent Commissioner of the New York State Department of Social Services, dated December 19, 1974 and made after a statutory fair hearing, as affirmed those parts of a determination of the respondent Commissioner of the New York City Department of Social Services, which (1) reduced petitioner's current public assistance grant in order to recoup amounts received by petitioner from her 1973 income tax refunds, (2) failed to provide reimbursement for certain expenses which were incidental to petitioner's employment and (3) failed to provide a grant for certain housekeeping services. Determination annulled, insofar as reviewed, on the law, without costs or disbursements, and respondents are directed (1) to remit to petitioner those moneys, if any, which have been deducted from her assistance grant and (2) to refrain from making any future deductions on account of this claim from petitioner's grant. The matter is remanded to the State commissioner for a new determination of petitioner's claims for (1) reimbursement of educational costs incidental to her employment and (2) housekeeping services performed for petitioner from July 25, 1974 to August 25, 1974, while she was recuperating from hospitalization. No fact questions were presented. Petitioner is in receipt of a grant of Aid to Dependent Children on behalf of herself and one minor child. On September 23, 1974 the income maintenance center of the local agency informed petitioner that it intended to reduce her grant because of her receipt of income tax refunds amounting to $934.11. The State commissioner found, after the fair hearing, that petitioner did not inform the local

center of the income tax refunds until after she had spent them. Petitioner's uncontroverted testimony, and her proof at the hearing, reveal that she notified the local agency of her *expected* 1973 tax refunds in a May 2, 1974 letter to it. In addition, petitioner testified that she attended a face-to-face conference with an official of the local agency and informed such official that she was required by her employer to take certain educational courses .(incurring tuition and other costs) and would need an additional assistance grant. After conferring with a supervisor, that official allegedly authorized her to make use of her tax refunds for the purpose of defraying these educational costs. Petitioner heard no more from the local agency on the subject of the tax refund until she received the "Notice of Intent to Reduce Public Assistance." In our opinion there was no proof in the record in this proceeding to support the State commissioner's finding that petitioner reported her tax refunds to her local income and maintenance center after she spent them—the proof, in fact, being to the contrary. Similarly, the record does not support the finding, impliedly made by the State commissioner, that petitioner willfully withheld information about her income or resources and, as a result of withholding such information, received grants to which she was not entitled. Under the State agency's rules and regulations, in the absence of a recipient's willful withholding of information as to his income and resources, recoupments of overpayments "shall not be required unless the recipient has *currently available income or resources, exclusive of the current assistance payment"* (18 NYCRR 352.31 [d] [1] [ii]) (emphasis supplied). The record indicates that petitioner has had no income or resources (other than public assistance) since she lost her job at Queens College on May 23, 1974. Accordingly, the recoupment directed by the local agency (reducing petitioner's *current* assistance grant) was improper. Petitioner's requests for assistance grants for educational expenses and housekeeping services performed for her while she was recuperating from hospitalization should be referred back to the State commissioner for determination. Cohalan, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.