■ In the Matter of Ruth Pardue, on Behalf of Herself, Her Husband, and Her Six Minor Children, Petitioner, v Stephen Berger, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated December 8, 1975 and made after a statutory fair hearing, which affirmed a determination of the respondent Commissioner of the New York City Department of Social Services to reduce the amount of petitioner's grant of assistance in order to recover certain overpayments. Determination confirmed, stay contained in the order of this court, dated May 28, 1976, vacated, and proceeding dismissed on the merits, without costs or disbursements. The matter is remanded to respondents for recomputation of the amount of the overpayments based upon the certification of amounts paid by the Social Security Administration, which certification was received after the hearing herein. The deduction from the allotment to the mother shall be such as does not impair the needs of the children. The determination under review reduced petitioner's grant of public assistance so as to recoup certain overpayments. Petitioner's application to receive public assistance for herself, her disabled husband and their seven children, was approved in December, 1968. In September, 1972 petitioner's husband applied to the Social Security Administration for disability payments for himself and his family. His application was accepted and approved in June or July, 1973 and retroactive benefits were paid to the date of the application. Thereafter, in all of her dealings with the local social services agency, petitioner repeatedly represented that the claim was still pending. Indeed, on September 20, 1973 and in April, 1974, petitioner completed and signed a "Declaration of Continued Need for Public Assistance and Care" questionnaire, in which she stated that she was not receiving Social Security benefits. On May 21, 1974, in what the State commissioner describes as a "face to face recertification interview", petitioner again denied that she was receiving Social Security benefits. Consequently, there is substantial evidence to support the hearing officer's determination that petitioner willfully and knowingly concealed receipt of Social Security payments in excess of $12,000. The case of *Matter of Zabala v Lavine* (48 AD2d 880) is relied upon by petitioner. There, however, a short period of three months was involved and the issue concerned the failure to disclose ownership of an automobile which was subsequently retransferred to the mother's paramour. In any event, the holding in *Zabala* was that children should not be deprived of the assistance to which they are entitled. Here, the deduction is to be made from the mother's allotment. *Matter of Ryan v New York State Dept. of Social Servs.* (40 AD2d 867) is similarly inapplicable, for there the issue was the adequacy and timeliness of the notice of hearing. Petitioner contends that since some portions of the tape recording made of the hearing containing her testimony were inaudible, a new hearing is mandated. No showing has been made as to the nature of such testimony so as to warrant annulment of the determination. The hearing officer's rejection of canceled checks, receipts, etc., which show how the petitioner spent the money, likewise does not warrant annulment of the determination. There is no question, upon this record, that petitioner did, indeed, spend the money. *Matter of Reyes v Dumpson* (40 NY2d 725), decided during the pendency of this proceeding, does not mandate a con-

trary result. The holding there is that recoupment at a rate of 36% "creates an undue hardship" and, particularly so, since the regulations of the Department of Social Services limit the reduction to 15% (see 18 NYCRR 352.31 [d] [4]). Here the deduction, limited to the petitioner's allotment, is 10%. Latham, Acting P. J., Damiani, Hawkins and O'Connor, JJ., concur.