■     In the Matter of DONALD D. GOLDBERG, Respondent, v GERALD SCHWARTZ, Appellant.—In a proceeding to confirm an arbitration award, the appeal is from a judgment of the Supreme Court, Queens County, dated November 25, 1975, which, *inter alia,* confirmed the arbitrators' award and directed appellant to pay petitioner the sum of $485,059.95. Judgment affirmed, with $50 costs and disbursements, on the opinion of Mr. Justice Lerner at Special Term. In view of all of the circumstances, however, and in the exercise of our discretion, execution upon the judgment, to the extent of $82,167.50 awarded pursuant to paragraph 1 B of the arbitrators' award is stayed for 120 days in order to enable appellant to litigate his claim for indemnity in a court of competent jurisdiction, and without prejudice to the appellant's right to apply to the court in which such an action is instituted for a further stay, the grant or denial of which is a matter for the exercise of discretion by that court in the light of the facts as they then appear. Cohalan, Acting P. J., Rabin, Shapiro and O'Connor, JJ., concur.

■     In the Matter of the Arbitration between HAYWARD COMPANY, Appellant, and HAYWARD SUPPLY COMPANY, INC., Respondent.—In a proceeding, *inter alia,* to stay arbitration, petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County, dated October 5, 1976, as dismissed its petition and directed the parties to proceed to arbitration. Order affirmed insofar as appealed from, with $50 costs and disbursements, upon the opinion of Mr. Justice Ferraro at Special Term. Hopkins, Acting P. J., Martuscello, Cohalan and Damiani, JJ., concur.

■     In the Matter of LUCILLE HOUSEY, Petitioner, v STEPHEN BERGER, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated December 9, 1975 and made after a fair hearing, which affirmed a determination of the respondent Commissioner of the Westchester County Department of Social Services to reduce a grant of aid to dependent children in order to recover an advance duplicate payment of utility bills. Determination confirmed, and proceeding dismissed on the merits, without costs or disbursements. The evidence adduced at the fair hearing failed to support a claim of undue hardship created by the deduction of $27.83 a month for six months in order to recoup a duplicate payment of accumulated utility bills. Funds for the payment of those bills had been provided for in petitioner's budget; those funds were received by her, but she used them for other purposes. We have examined appellant's remaining contentions and find them to be without merit. Hopkins, Acting P. J., Martuscello, Latham and Damiani, JJ., concur.