■ In the Matter of DEBRA AVERY, Appellant, v STEPHEN BERGER, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Judgment unanimously affirmed, without costs. Memorandum: Petitioner is a recipient of public assistance and brings this proceeding to annul a determination of respondent by which 10% was deducted from her allowance to recoup the amount of a Federal tax refund which she received and spent for her own purposes. Respondents base their authority to recoup upon the provisions of 18 NYCRR 348.4 which permit recoupment in cases of "suspected fraud" in which the recipient willfully withheld information about her income or resources. There was substantial evidence of the following facts. In March, 1975 petitioner received a State income tax refund and delivered it to the agency (see 18 NYCRR 352.16, 352.23; *Matter of Richards v Lavine,* 48 AD2d 204). Later that month, she received a Federal tax refund but instead of notifying the agency or delivering the check to them, she consulted Legal Aid attorneys. On March 21, a Friday, petitioner's attorney sent a letter to the local agency advising that petitioner had received the refund and that she intended to use it to prevent a utility shutoff and to buy necessary items for herself and her children. The letter was received by the agency on Monday, March 24. The caseworker contacted the petitioner the next day and was advised that the check had been cashed and the money spent. While some of the money was apparently used to pay utility bills, there had been no shutoff order and no threatened cutoff. Petitioner contends that she did not willfully withhold information but on the contrary, had her attorney notify the agency of the tax refund. Therefore, any overpayment of her assistance must be recouped out of her existing assets (she has none) and not by deducting a percentage of her future assistance payments (see 18 NYCRR 352.31 [d] [1] [ii], [2]). In short, she contends that having notified the agency by mail, she fulfilled her responsibility and if the agency failed to contact her or was unable to do so before the money was spent, it may not deduct the amount of the check from her future assistance payments. Petitioner delivered her earlier State refund check to the agency and knew that she was obligated to report receipt of the Federal refund check so that it could be applied to reduce her assistance. There was substantial evidence that petitioner's conduct with respect to the Federal tax refund was a calculated attempt at evasion by which she withheld information from the agency by notifying it by mail, and then she spent the money before the agency received the letter. The cases cited by petitioner are factually distinguishable (see *Matter of McCallion v Dumpson,* 51 AD2d 803; *Thomas v D'Elia,* 48 AD2d 868; *Wilson v Lavine,* 47 AD2d 964). In each of those cases the agency had knowledge of the receipt of the money and an opportunity to recover it before it was spent by the recipient in a good faith belief that she was entitled to do so. There was no consent to petitioner spending the money in this case and no

period of time during which it may be claimed that the agency acquiesced in the use of the money. We find no merit in petitioner's contention that the notice of fair hearing was insufficient. (Appeal from judgment of Onondaga Supreme Court—art 78.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.