■ In the Matter of PAULINE McLELLAN, Respondent, v STEPHEN BERGER, as Commissioner of the New York State Department of Social Services, et al., Appellants.—Judgment unanimously reversed, without costs, and petition dismissed for the reasons stated in *Matter of Avery v Berger* (56 AD2d 725). (Appeal from judgment of Onondaga Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Dillon, Goldman and Witmer, JJ.

■ KEITH ST. GEORGE, Respondent, v RICHARD L. DENNIS et al., Appellants.—Order unanimously reversed, without costs, and motion denied. Memorandum: This two-vehicle accident occurred in 1973 and the plaintiff-respondent commenced his action on August 23, 1975. Issue was joined on September 25, 1975 and a bill of particulars was served on October 9, 1975. In the bill of particulars, in addition to alleging various physical injuries, plaintiff claimed that he suffered from severe depression, insomnia, neurotic depression and personality disorder. After an examination before trial of all the parties, the plaintiff on May 3, 1976 served a note of issue and a statement of readiness. The case appeared on the June Trial Term of Ontario County Supreme Court and was answered ready by the plaintiff. On June 8, 1976 defendants' attorneys consented to a request from plaintiff's attorneys to the taking of a deposition of a psychiatrist at Lowell, Massachusetts. On October 28, 1976 plaintiff moved to be permitted to take the deposition of a second physician at Salem, Massachusetts. Plaintiff's attorney's supporting affidavit stated only that the physician was a psychiatrist and that his testimony was necessary. Annexed to the affidavit was a report from the doctor whose testimony was sought to be taken stating that plaintiff's "mental condition has remained unchanged," and "If you can arrange for me to give testimony in this area I shall be glad to comply". Plaintiff's attorney's affidavit in support of the motion gives no explanation for the failure to take all desired depositions before the filing of the statement of readiness. "Moreover, no special circumstances are indicated warranting the taking of the deposition of the expert before trial. (CPLR 3101, subd. [a], par. [4].)" *(Schweigard v Consolidated Edison Co. of N. Y.,* 23 AD2d 649, 650; see, also, *Belski v New York Cent. R. R.,* 38 AD2d 882, 883.) In the circumstances the granting of the order directing the taking of the deposition in Massachusetts was an improvident exercise of discretion. (Appeal from order of Ontario Supreme Court—deposition.) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.