■ In the Matter of GAYLE HETRICK, on Her Own Behalf and on Behalf of Her Minor Children, Appellant, v JAMES REED, as Commissioner of the Department of Social Services of the County of Monroe, et al., Respondents. —Judgment unanimously reversed, without costs, and petition granted in accordance with memorandum: Petitioner is a recipient of benefits under the aid to families with dependent children program. She appeals from a judgment dismissing her CPLR article 78 proceeding brought to annul a direction of defendant Berger after a fair hearing that the Monroe County Department of Social Services (hereinafter referred to as "agency") recoup the amount of $200 by deductions from her payments pursuant to 18 NYCRR 348.4 and 352.31 (d). On March 21, 1975 petitioner was notified by the agency that her public assistance grant and her medical assistance authorization were being discontinued from April 1, 1975 to April 30, 1975 because she possessed available resources (a loader valued at $150 and a trailer valued at $50). In September, 1974, at the agency's request, petitioner had sold the items for $200, and had informed the agency that she had done so. Concededly, petitioner spent the proceeds for medical expenses not covered by Medicaid, exterminator's services, and repairs to a porch. At the fair hearing the agency presented a one-page fair hearing summary sheet setting forth, as the "facts, evidence, and reasons" supporting the discontinuance and the regulations upon which the action was based, the following: "The appellant has resources available to reduce her need for public assistance—Dept. Reg. 351.1 (b) (2); 351.2 (e) (1); 352.15 (d); 352.16 (a); 352.23." The cited regulations refer to use of available resources. At the fair hearing no evidence was presented pertaining to fraud or willful withholding of information on the part of petitioner or to the effect that petitioner still had current available resources. Nevertheless, in the decision after fair hearing the agency was directed to continue public assistance and to recoup the $200 pursuant to 18 NYCRR 348.4 and 352.31 [d]. There was no finding of willful withholding of information but only the statement that petitioner "willfully spent the $200." We hold that Special Term should have annulled this direction as being arbitrary and capricious and contrary to the applicable regulations. The regulation on which respondent relies (18 NYCRR 348.4, "Recovery of assistance wrongfully obtained by an applicant or recipient") provides: "In a case of *suspected fraud* which was or should have been referred by a local social services department to a district attorney or other prosecuting official * * * and in which case there is evidence * * *— which *clearly establishes* that the applicant or recipient * * * *willfully withheld* from such * * * department * * * information about his income or resources, [thereby receiving] public assistance * * * to which he was not entitled * * * the social services official shall recover the amount of the public assistance granted [to which the recipient] was not entitled in accordance with subdivision (d) of section 352.31 of this Title." (Emphasis supplied.) Section 352.31 (d) (2) of the Rules also relied on by respondents, provides for recoupment where "overpayments were occasioned or caused by a recipient's *willful withholding of information* concerning his income, resources, or other circumstances which may have affected the amount of the public assistance payment" (emphasis supplied). Recoupment under section 352.31 (d) (2) is appropriate in a case such as *Matter of Avery v Berger* (56 AD2d 725) cited by respondent in which the court found that "There was substantial evidence that petitioner's conduct * * * was a calculated attempt at evasion by which she withheld information from the

agency by notifying it [of her receipt of an income tax return check] by mail, and then she spent the money before the agency received the letter." (See, also, *Matter of Pardue v Berger,* 55 AD2d 912.) In contrast, in the case at bar, no finding of willful withholding of information was made by the commissioner, nor could such a finding have been made on the record. Sections 348.4 and 352.31 (subd [d], par [2]) are inapplicable. (Appeal from judgment of Monroe Supreme Court—art 78.) Present—Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.