■ In the Matter of DOLORIS SANZOVERINO, Petitioner, v JOSEPH A. D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent State commissioner dated May 15, 1978 and made after a statutory fair hearing, which affirmed a determination of the local agency that petitioner had willfully withheld information as to a change in income. Determination annulled, on the law, and petition granted, without costs or disbursements. The sole evidence in the record of willful withholding of information is the fact that petitioner received a child support check and failed to report it to the Department of Social Services (department). Petitioner had made no effort to conceal her child support rights. She executed an assignment of these rights to the department and appeared in court to press these rights prior to receipt of the check. Her uncontradicted testimony at the fair hearing was that she thought the check she received was the money remaining after the department had taken what it was owed. This does not rise to the level of substantial evidence that petitioner had willfully withheld information as to a change of income (see *Matter of Pardue v Berger,* 55 AD2d 912). Moreover, the department failed to notify petitioner adequately of her duty to report

changes in income. There was only a general certification signed by petitioner at the time of her application for assistance. It did not contain any examples of what constituted changes in income nor is there any evidence that petitioner was given verbal examples. Since petitioner had not hidden her eligibility for child support and received the support check subsequent to her assignment of support rights, she had no reason to consider this a change in income. Finally, at no point did the department make any determination that the needs of petitioner's minor child would be met. This alone would mandate the annulment of the State commissioner's determination and remand for a new hearing. When it is combined with a total lack of substantial evidence to support the underlying charge, we must annul the determination and grant the petition without any further hearing. Hopkins, J. P., Titone, Mangano and Gulotta, JJ., concur.