■ In the Matter of WILLIE B. BLACK, Respondent, v PHILIP TOIA, as Commissioner of the New York State Department of Social Services, Appellant, and FRED BUSCAGLIA, as Commissioner of the Erie County Department of Social Services, Respondent.—Judgment unanimously reversed, without costs, and matter remitted to State Department of Social Services for further proceedings, in accordance with the following memorandum: In this CPLR article 78 proceeding Special Term vacated and annulled a decision after fair hearing by the State Department of Social Services which affirmed a determination of the county department of social services to recoup a lump-sum Social Security grant received by petitioner on behalf of two of her children. The issue to be resolved at the fair hearing was whether petitioner willfully withheld information from the county agency. This involved fact questions concerning her receipt of a check which were not

fully developed. The evidence failed to establish when the questioned check was spent, what it was spent for, whether the county agency had an opportunity to recover the money before it was spent and whether petitioner spent the money in a good faith belief that she was entitled to do so (see *Matter of Avery v Berger,* 56 AD2d 725). Similarly not established or explored was the question of whether petitioner's children's grants were reduced by recoupment absent a showing of lack of need, notwithstanding their parents' possible willful actions (see *Matter of Gunn v Blum,* 48 NY2d 58). In a CPLR article 78 proceeding to review a substantial evidence question, the court's determination must be limited to evidence produced at the hearing *(Matter of Simpson v Wolansky,* 38 NY2d 391) but significantly the pleadings before the court in this case appear to contain admissions of matters not proved at the fair hearing but which support the commissioner's decision. These admissions may not be relied upon in this CPLR article 78 proceeding to support the commissioner's decision but because of them we remit the matter to the commissioner for a further hearing to fully develop the record. (Appeal from judgment of Erie Supreme Court—CPLR art 78.) Present—Cardamone, J. P., Simons, Callahan, Doerr and Moule, JJ.