■ In the Matter of DIANE SINKLER, Respondent, v GABRIEL RUSSO, as Director of the Monroe County Department of Social Services, Respondent, and BARBARA BLUM, as Commissioner of the New York State Department of Social Services, Appellant.—Judgment reversed, without costs, and petition dismissed. Memorandum: Petitioner was aware of her obligation to report to the Department of Social Services in writing within 10 days any change in circumstances that affected the amount of her public assistance. She not only acknowledged this in a written statement given to the Monroe County Department of Social Services but at a fair hearing admitted that there was an obligation on her part to inform her caseworker that she intended to withhold payment to her landlord of money due for rent. Notwithstanding this knowledge on her part, upon receiving her rent allowance and without advising the agency that she intended to do so, she withheld it from the landlord and instead used the money to buy clothes and furniture. She did not report those facts to the agency until September after the money was spent and after she had been sued by the landlord. The dissent implies that

her caseworker agreed or acquiesced in petitioner's use of the rent for unauthorized purposes. The record does not support such a finding. Furthermore even if it could be found that the agency acquiesced in the plan to withhold rent it certainly could not and did not authorize the expenditure of rent money for nonbudgeted personal items. Petitioner withheld the rent without notifying the agency and by doing so she, in effect, created an unreported asset which may be recovered under the provisions of 18 NYCRR 352.31. All concur except Hancock, Jr., and Schnepp, JJ., who dissent and vote to affirm the judgment, in the following memorandum.

Hancock, Jr., and Schnepp, JJ. (dissenting). We would affirm Special Term's judgment granting the petition and reversing respondent commissioner's decision after a fair hearing which upheld the agency's determination to recoup two months' rental allowance from petitioner's public assistance grant. The uncontradicted testimony of petitioner, a recipient of aid to families with dependent children including a $144 per month shelter allowance, was that in June or July, 1978 she informed her caseworker that due to poor conditions in her apartment she intended to withhold rent if the landlord did not make improvements. The caseworker did not tell petitioner that if she did withhold rent she was required to report the fact. The landlord made no improvements and petitioner withheld rent in August and September, 1978. She kept the money at home planning to pay it to the landlord if he complied with her requests. The landlord commenced an eviction proceeding on September 14, 1978 returnable on September 21 and obtained a $390 judgment for the two months' rental plus costs. Petitioner appeared at the agency on September 20 applied for moving expenses, and advised the caseworker that she had spent the August and September rental allowance for furniture. It is uncontradicted that the periodic notice sent to recipients advising them to .report changes in income or expenses which petitioner acknowledged in writing she received contains no specific requirement that withholding of rent be reported. The majority agree with the commissioner that petitioner's actions constitute "willful withholding of information concerning income, resources or other circumstances which may have affected the amount of the public assistance payment," and are grounds for recoupment of the two months' shelter allowance (18 NYCRR 352.31 [d] [2]). We disagree. Under the circumstances here, neither withholding the rent nor spending it on furniture could have "affected the amount of the public assistance payment." The withheld rent could not have constituted income or other resources, nor were petitioner's needs reduced inasmuch as during August and September she occupied the apartment and was liable to pay the rent therefor. Nor can it be said, as appellant argues, that petitioner by not paying the rent ultimately got the benefit of two months' free occupancy; the landlord has a judgment against petitioner for the amount of the rent which she is still bound to pay. There is no authority for recoupment based on mere diversion of assistance funds from one family need to another or on failure to report such a diversion where there has been no duplicate payment by the agency (cf. *Matter of Housey v Berger,* 55 AD2d ·933, app dsmd 42 NY2d 823; 18 NYCRR 352.7 [g] [7]) and no concealment of outside income (cf. *Matter of Avery v Berger,* 56 AD2d 725; 18 NYCRR 348.4, 352.31 [d]) or other fraud (18 NYCRR 348.4). Moreover, the record does not support a determination that petitioner willfully withheld information (see *Matter of Hetrick v Reed,* 60 AD2d 761; *Matter of McCallion v Dumpson,* 51 AD2d 803; *Wilson v Lavine,* 47 AD2d 964). Petitioner informed her caseworker that she intended to withhold payment and, subsequently, that she had done so and had spent the money. The

record does not support the findings in the decision after a fair hearing that petitioner was aware that she was obligated to report withholding of rent and that she did not have shelter expenses for August and September. (Appeal from judgment of Monroe Supreme Court—art 78.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Moule, JJ.