In the Matter of DOROTHY WILLIAMS, Respondent, v PHILIP TOIA, as Commissioner of the New York State Department of Social Services, Respondent, and WILLIAM LIDDLE, as Commissioner of the Chemung County Department of Social Services, Appellant. (Proceeding No. 1.)

In the Matter of BEATRICE CARDONE, Respondent, v PHILIP TOIA, as Commissioner of the New York State Department of Social Services, Respondent, and WILLIAM LIDDLE, as Commissioner of the Chemung County Department of Social Services, Appellant. (Proceeding No. 2.)

Third Department, March 9, 1978

## APPEARANCES OF COUNSEL

*Donald D. Cole* for William Liddle, appellant.

*Louis J. Lefkowitz, Attorney-General (Clifford A. Royael* and *Jean M. Coon* of counsel), for Philip Toia, respondent.

*Thomas D. Terrizi* for Beatrice Cardone and another, respondents.

## OPINION OF THE COURT

MAHONEY, P. J.

Petitioners Williams and Cardone applied for medical assistance (Social Services Law, § 363 *et seq.),* claiming eligibility pursuant to section 366 of the Social Services Law as persons eligible to receive home relief (Social Services Law, § 157 *et seq.).*

At the time of her application, petitioner Williams had two life insurance policies with a combined face value in excess of $1,000, but with negligible cash value. The commissioner, after a fair hearing, concluded that she did not meet the eligibility requirements for medical assistance as set forth in

section 352.26 (b) of title 18 of the Official Compilation of Codes, Rules and Regulations of the State of New York (NYCRR), which, in pertinent part, states: "In determining eligibility in ADC and HR[1] cases, the agency shall permit each member of the household included in the grant to retain an insurance policy having a face value not exceeding $1,000 on any insurance plan, providing that the cash value of the individual's insurance policy does not exceed $500 and that the cash value of his family's total insurance holdings does not exceed $1,000". Special Term annulled that determination and directed the local agency to disregard the face amount of the applicant's life insurance policies in determining eligibility and, further, voided the above-cited regulation (18 NYCRR 352.26 [b]).

The local agency refused medical assistance to petitioner Cardone prior to February 26, 1976 because prior to that date she owned a life insurance policy with a face value of over $3,000, but with a minimal cash surrender value.[2] The commissioner, after a fair hearing, affirmed the local agency and determined Cardone to be ineligible for medical assistance prior to February 26, 1976 on the ground that section 352.24 of the regulations provides that a life insurance policy cannot be disregarded as a burial reserve while its face value exceeds $1,000. Section 352.24 provides in part: "Burial reserve. An adult applicant for or recipient of ADC or HR who possesses or acquires cash other than recurring income shall be permitted to have a burial reserve established in an amount which, when added to any other equity or face value of life insurance which he possesses, does not exceed $1,000, if he is in poor health or is uninsurable, or based upon the economic and social factors it is deemed appropriate by the social services official to permit him to have such a burial reserve." Again, Special Term annulled and struck down the regulation (18 NYCRR 352.24).

These two cases raise dual issues: (1) Was Special Term correct in concluding that the commissioner erred in failing to disregard the face amount of the respective insurance policies in determining eligibility? and (2) Are sections 352.26 (b) and

---

1. "ADC" refers to the Aid to Dependent Children assistance program (Social Services Law, § 343 *et seq.*). "HR" refers to the Home Relief assistance program (Social Services Law, § 157 *et seq.*).

2. Petitioner Cardone caused the face value of the policy to be reduced to $1,000 on February 26, 1976.

352.24 of the official regulations void since they set a limit on the retention of life insurance for purposes of determining eligibilty for public assistance based upon the face value of the insurance?

█ To the extent that Special Term concluded that the commissioner erred by evaluating the face amount of the respective insurance policies as an "available resource" in determining eligibility for medical assistance, we agree, and affirm those portions of the judgments. Subdivisions 1 and 3 of section 131-a of the Social Services Law as well as section 352.16 (a) of the official regulations provide that *all available income and resources* of an applicant shall be considered in order to determine its worth, and, further, that only those resources *required* to be disregarded shall be omitted from the evaluation. Since it is clear that in each case herein considered, the respondent State commissioner relied upon the face value of the subject policies in reaching his conclusion of applicant ineligibility, it follows that such determinations are invalid because each computation contains a value that is not a *resource* within the meaning of article 5 of the Social Services Law and the regulations promulgated thereunder (cf. *Wilczynski v Harder,* 323 F Supp 509 [Federal law prohibits use of face amount of life insurance in computing available income for Federal Medicaid]). Only resources actually available can be taken into account in determining financial eligibility for Federal public assistance programs, including those programs, such as the medical assistance program, Federally funded but administered by the State (Social Services Law, § 363-a; US Code, tit 42, § 1396 *et seq.;* cf. *Van Lare v Hurley,* 421 US 338; *Lewis v Martin,* 397 US 552; *King v Smith,* 392 US 309). Face values of insurance policies are not present resources actually available.

█ We turn now to the more difficult issue of whether sections 352.24 and 352.26 (b) are void. To sustain the finding below of regulation invalidity requires a construction of the subject regulations that compels the commissioner to conclude that ownership of either an insurance policy with a cash value in excess of $500 or a face value of $1,000 or more automatically disqualifies an applicant. We do not believe that either regulation should be so interpreted. In pertinent part, 352.26 (b) states "the agency shall *permit* each member of the household * * * to *retain* an insurance policy having a face value not exceeding $1,000 * * * providing that the cash value * * *

does not exceed $500". (Emphasis added.) Subdivision (c) (3) of the same regulation states, "The agency shall *permit* a member of the household \* \* \* to *retain* an insurance policy having a face value in excess of $1,000 in the following instances \* \* \* where the policy is a group and/or term insurance policy" (emphasis added). A reasonable construction of this regulation would be to require an applicant possessed of the excess insurance face value to reduce his coverage to $1,000 within a reasonable time of the application. This construction would prevent expenditure of excessive amounts of life insurance but nevertheless avoid the draconian result of depriving applicants of benefits for possessing at the moment of their application an asset with negligible present value. Such a construction, in our view, is not out of joint with the generic laws (Social Services Law, § 131-a; § 366, subd 2, par [b]) which mandate that eligibility and level of assistance "shall take into account only such income and resources \* \* \* *as are available to the applicant* \* \* \* and as would not be required to be disregarded or set aside for future needs" (emphasis added).

■ We also conclude that the unequal treatment of ordinary straight life insurance from "group and/or term insurance" is not arbitrary. Group and/or term policies generally pay benefits only upon the death of the insured and have no present value. A policy, however, that over the years earns income credited to the insured and that is immediately available upon surrender of the policy, needs monitoring within the parameters of our social legislation lest those who seek relief be guilty of creating their need by maintenance of inordinately large life insurance policies and, thereby, though bereft of present funds, indirectly cast upon the State the duty of supplying money unwisely spent for insurance. Thus, we cannot say that the monetary limitation of a $1,000 "face value" for life insurance policies other than group and/or term policies is unreasonable.

The judgment in Proceeding No. 1 should be modified, on the law, by striking so much thereof as declares that portion of section 352.26 (b) (18 NYCRR) which denies eligibility to those seeking assistance because they own life insurance with a face value in excess of $1,000, null and void, and, as so modified, affirmed, without costs.

The judgment in Proceeding No. 2 should be modified, on the law, by striking so much thereof as declares that portion

of section 352.24 (18 NYCRR) which denies eligibility to those seeking assistance because they own life insurance with a face value in excess of $1,000, null and void, and, as so modified, affirmed, without costs.

GREENBLOTT, MAIN, MIKOLL and HERLIHY, JJ., concur.

. Judgment in Proceeding No. 1 modified, on the law, by striking so much thereof as declares that portion of section 352.26 (b) (18 NYCRR) which denies eligibility to those seeking assistance because they own life insurance with a face value in excess of $1,000, null and void, and, as so modified, affirmed, without costs.

Judgment in Proceeding No. 2 modified, on the law, by striking so much thereof as declares that portion of section 352.24 (18 NYCRR) which denies eligibility to those seeking assistance because they own life insurance with a face value in excess of $1,000, null and void, and, as so modified, affirmed, without costs.