■     In the Matter of BARBARA ADAMS, Respondent, v JOHN FAHEY, as Commissioner of the Albany County Department of Social Services, et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered February 17, 1978 in Albany County, which, in a proceeding pursuant to CPLR article 78, annulled a determination of the Commissioner of the State Department of Social Services which affirmed a determination of the local agency directing petitioner to reduce her life insurance policy to $1,000 and upon her failure to do so, reducing her grant of public assistance. Petitioner and her two minor children are recipients of public assistance under the Aid to Dependent Children Program. Petitioner owns a life insurance policy with a face value of $5,000 and no cash surrender value. Pursuant to 18 NYCRR 352.26 (b), the local agency informed petitioner by letter that she must reduce the face value of her life insurance to $1,000 within five days. Upon her failure to comply, the needs of petitioner were deleted from the grant, thereby reducing the amount of her public assistance grant. Following a fair hearing, the Commissioner of the Department of Social Services determined that the local agency properly reduced petitioner's grant since it had correctly applied the regulation. Petitioner thereafter commenced this proceeding, seeking to annul the determination and to declare invalid the regulation on the ground that it violates State and Federal statutes and regulations. Special Term concluded that the $1,000 standard applied in the regulation is arbitrary and contrary to Federal and State laws. It, therefore, granted the petition in all respects, and annulled the determination reducing petitioner's grant. We conclude that the judgment should be reversed. Special Term's holding that the face value of an insurance policy is not an available resource was correct under *Matter of Williams v Toia* (61 AD2d 333, 336) decided after Special Term's decision herein. The court also correctly held that the $500 limit on the cash value of an insurance policy as specified in 18 NYCRR 352.26 (b) was consistent with subdivisions 1 and 3 of section 131-a of the Social Services Law, but improperly nullified the regulation's $1,000 limit on an insurance policy's face value. *Williams* (p 338) upheld the regulation based upon the interpretation that it "require[s] an applicant possessed of the excess insurance face value to reduce his coverage to $1,000 within a reasonable time of the application" as opposed to *automatic* disqualification of an applicant. Here, petitioner was ordered to reduce the face value of her life insurance policy to $1,000 and, upon her failure to do so within five days, her public assistance was then reduced. In our view, this procedure complied with

*Williams.* Finally, *Williams* (p 338) overruled Special Term's holding that it is arbitrary to place a $1,000 face value limit on straight life insurance, but place no limit on group or term insurance. Judgment reversed, on the law, without costs, and petition dismissed. Mahoney, P. J., Greenblott, Sweeney and Main, JJ., concur.

Mikoll, J., concurs in the following memorandum. Mikoll, J. (concurring). I vote to reverse under constraint of *Matter of Williams v Toia* (61 AD2d 333).