■ NANCY COLON, Respondent, v CARMEN SHANG, as Acting Commissioner of the New York State Department of Social Services, Appellant, and HENRY G. PARRY, JR., as Commissioner of the Orange County Department of Social Services, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the State Commissioner of Social Services, dated August 31, 1977 and made after a statutory fair hearing, which affirmed a determination of the local agency to terminate petitioner's aid to dependent children benefits, the State commissioner appeals from a judgment of the Supreme Court, Orange County, entered December 12, 1977, which, *inter alia,* granted the petition. Judgment affirmed, without costs or disbursements. Petitioner resides with her paramour and six minor children in Middletown, New York, in a house owned jointly by the petitioner and her former husband. The petitioner and five of the children are recipients of public assistance under the aid to dependent children (ADC) program. The sixth child is the issue of the petitioner and her paramour and is not eligible for assistance under this program. Pursuant to section 360 of the Social Services Law, and the pertinent rules and regulations promulgated thereunder, the local agency requested the petitioner to execute a bond and mortgage in its favor to the extent of her interest in her home. Believing that the house "morally" belonged to her parents (who provided the house to the petitioner and her former husband for nominal consideration only), she refused to comply with the request. The local agency decided to terminate ADC benefits and, after a statutory fair hearing, the State commis-

sioner affirmed that determination, Special Term annulled the State commissioner's determination and petitioner's benefits were reinstated. It is important to note at this point that the State commissioner's determination was based solely on petitioner's refusal to execute the bond and mortgage, and there is nothing in the record to reflect any determination as to present needs of the children. This court has, in the past, been faced with the question of whether ADC benefits may be terminated for failure to comply with a request pursuant to section 360 of the Social Services Law. In *Matter of Payne v Sugarman* (39 AD2d 720, affd on other grounds 31 NY2d 845), we held that the Congressional intent in adopting sections 601 *et seq.* of title 42 of the United States Code (which sets the requirements for ADC programs) was "to secure such grants for eligible children, notwithstanding a refusal of the parent to comply with a local agency's demands under section 360 of the Social Services Law." (See, also, *Matter of Sanchez v Lavine,* 46 AD2d 686.) Thus, we annulled the determinations of the State commissioner and of the local agency which had terminated assistance benefits to petitioner's children on the ground that she had failed to execute a bond and mortgage to the local agency. Although *Payne* was affirmed by the Court of Appeals on other grounds, that court's most recent declaration of policy in this area of Social Services Law was expressed in *Matter of Gunn v Blum* (48 NY2d 58). *Gunn* involved the local agency's termination of assistance for refusal to sell a nonessential automobile. As in the case at bar, the question of the children's needs was not properly explored. The court stated (p 62): "We now hold that without an additional determination of a present lack of need on the part of the children it was error to discontinue assistance to them." The court, noting the policy considerations involved in its decision, continued (pp 64-65): "First, in view of the primary goal of the AFDC program, protection of the needy child, any reduction in assistance directed to a dependent child without a corresponding decrease in that child's need, plainly thwarts the purpose of the program. * * * Second, while we recognize the department's obligation to preserve the public fisc by compelling recipients of public assistance to utilize their own resources for their support, we are persuaded that there are alternative means available to accomplish that objective without resorting to terminating aid to needy children." The court then stated at least two means by which the State can protect its interests without improperly terminating benefits to innocent children, to wit, the department may discontinue any benefits being received directly by and for the culpable parent, or it may bring proceedings for support in the Family Court. Hence, the policy in this State is now clear. In the absence of a determination of lack of present need by the children, benefits under the aid to dependent children program may not be terminated. The Department of Social Services has at its disposal other less onerous means, rather than the termination of ADC benefits, to enforce its regulations promulgated under the Social Services Law. It cannot foreclose the rights of needy children in order to punish their profligate parents. As no finding of lack of need was made by the State commissioner in the case at bar, the judgment of Special Term must be affirmed. Hopkins, J. P., Damiani, Gulotta and O'Connor, JJ., concur.