In the Matter of MARILYN REID, Appellant, v PHILIP L. TOIA, as Acting Commissioner of the New York State Department of Social Services, et al., Respondents.

Fourth Department, February 20, 1980

## APPEARANCES OF COUNSEL

*Daniel A. Pozner* for appellant.

*Robert Abrams, Attorney-General (Vincent M. Barone* and *Alan W. Rubenstein* of counsel), for Philip Toia, respondent.

*Sam Di Lalia (James Robinson* of counsel), for Gabriel Russo, respondent.

## OPINION OF THE COURT

CARDAMONE, J. P.

Petitioner and her minor children receive public assistance pursuant to an Aid to Families with Dependent Children (AFDC) grant. At the time of her initial application petitioner informed the local agency that she owned a life insurance policy that had a face value of $2,000. By 1976 petitioner reduced the actual cash value of the policy to $65.34 in order to pay the premiums as they came due. In that year petitioner was informed that department regulations mandated that she reduce the face value of the policy to $1,000 or cancel the policy. When petitioner told the local agency that the insurance company would not reduce the face value of the policy and that she would not cancel it because she expected to return to work shortly, she was informed that her public assistance would be discontinued. At a fair hearing the representative of the local agency admitted that she had no direct knowledge of the case and could find no evidence that an investigation had been made before the notice of intent to discontinue aid had been issued. Nevertheless, the decision of the local agency was affirmed by the commissioner. Petitioner then commenced an article 78 proceeding seeking an order reversing and annulling the decision after fair hearing. It is from the judgment denying her petition that petitioner has appealed.

██ Public assistance in the AFDC category may not be terminated merely because petitioner refuses to dispose of an insurance policy which she owns. "In the absence of a demonstration of a lack of need, financial assistance directed to dependent children in the form of a grant under the Aid to

Families with Dependent Children program may not be discontinued or reduced because their parents have refused to comply with instructions from the Department of Social Services with respect to the disposition of certain nonessential assets belonging to the parents" *(Matter of Gunn v Blum,* 48 NY2d 58, 61). Respondents have presented no evidence of such a lack of need. Since that portion of the grant applicable to petitioner's children was terminated together with the benefits which petitioner received, the determination insofar as it affects the aid to petitioner's children was clearly in error *(Matter of Gunn v Blum, supra; Colon v Shang,* 74 AD2d 559).

Were we not to hold this regulation invalid, we should, nonetheless, reverse the determination made, because we find upon review of this record that the local agency failed to make the evaluations required by its regulations. The regulation provides that the provisions of the life insurance policy and information received from the insurance company "shall be evaluated and the health, age and probable length of dependency of the recipient considered" before the agency makes a decision (18 NYCRR 352.26 [a]). The testimony at the fair hearing established that this 41-year-old woman was employed three days per week at Lincoln First Bank of Rochester. She testified that she planned to become self-supporting within a year when her youngest child entered first grade at which time she could work full time. The amount of cash assistance which she and her family received was $44.86 per month and the cash surrender value amounted to only $65.34. She further testified that she suffers from high blood pressure and that she did not believe that at her age she would be able to purchase an insurance policy when she and her family were not on public assistance. The testimony by the local agency representative was that its files indicate no investigation or evaluation of petitioner's health and probable length of dependency had been made. It seems likely that had the agency followed the requirements of its own regulation it would not have terminated petitioner.

We further find, moreover, that subdivision (b) of section 352.26, the regulation here at issue which states in pertinent part that, "In determining eligibility in ADC and HR cases, the agency shall permit each member of the household included in the grant to retain an insurance policy having a face value not exceeding $1,000 on any insurance plan," is invalid

because it is in conflict with the Federal Social Security Act and the HEW regulations promulgated under it. Federally funded Aid to Families with Dependent Children Program (AFDC) is governed by section 402 (subd [a], par [7]) of the Social Security Act, codified as section 602 (subd [a], par [7]) of title 42 of the United States Code. Section 602 (subd [a], par [7]) provides that a State plan for aid to needy families with children must take into consideration "any other income and resources". HEW's rules interpreting this provision clearly provide that only those resources actually available to an applicant or recipient are to be considered when determining eligibility, continued eligibility, or level of benefits (45 CFR 233.20 [a] [3] [ii] [D] and [E], 40 Fed Reg 30963-30965; see *King v Smith,* 392 US 309, 319, n 16; see, also, *Lewis v Martin,* 397 US 552, 555), and courts applying this principle have held invalid State regulations that included as resources income not actually available (see *Van Lare v Hurley,* 421 US 338; *Lewis v Martin, supra; Johnson v Harder,* 383 F Supp 174, affd 512 F2d 1188, cert den 423 US 876; *Green v Barnes,* 485 F2d 242; *Wilczynski v Harder,* 323 F Supp 509).

It is well settled that "[t]o the extent that the State statute and regulations conflict with the Social Security Act and regulations thereunder, the former must yield to the latter [citations omitted]" *(Matter of Rinefierd v Blum,* 66 AD2d 351, 353-354). Since the face value of the insurance policy cannot be considered "available income" to an AFDC applicant or recipient, 18 NYCRR 352.26 (b) is invalid insofar as it conflicts with Federal law. Further, section 131-a of the Social Services Law also requires that only available income be considered when determining eligibility for AFDC benefits (see *Matter of Knowles v Lavine,* 34 NY2d 721; *Matter of McPhaul v Toia,* 56 AD2d 630; *Matter of Thornton v Lavine,* 51 AD2d 640; 18 NYCRR 352.11, 352.16 and 352.23; contra, *Matter of Williams v Toia,* 61 AD2d 333). Thus, this regulation also violates State law. In passing, we note that the agency has recently proposed a change in the wording of section 352.26 (b) which would require the agency to evaluate an applicant's or recipient's eligibility solely on the basis of a policy's cash value (New York State Register, vol I, issue 23, pp 13-14, Sept. 12, 1979). Although the agency's proposed amendment would cure the invalidity of the present regulation, it has not yet been adopted and therefore, can have no effect in the instant case.

We conclude that 18 NYCRR 352.26 (b) is invalid insofar as

it permits the agency to determine eligibility or continued eligibility for AFDC benefits on the basis of the face value, rather than the cash value of an insurance policy. Accordingly, that part of the regulation must be stricken and the petitioner's benefits terminated pursuant to the invalid regulation must be restored.

The judgment should be reversed, the petition should be granted and the regulation (18 NYCRR 352.26 [b]) should be declared invalid in accordance with this opinion.

SIMONS, HANCOCK, JR., SCHNEPP and WITMER, JJ., concur.

Judgment unanimously reversed, with costs, petition granted and the regulation (18 NYCRR 352.26 [b]) declared invalid in accordance with the opinion by CARDAMONE, J. P.