■ In the Matter of ROSE MAURICE, Appellant, v BLANCHE BERNSTEIN, et al. Respondents,. (And Another Proceeding.) —On petitioner-appellant's motion for an order granting reargument with respect to our order entered January 10, 1980, wherein we affirmed an order of the Supreme Court, Bronx County, entered December 14, 1978, confirming the determination of the Commissioner of the State of New York Department of Social Services, dated April 26, 1978, and confirmed the determination of said commissioner, dated May 9, 1979, denying petitioner's request for a furniture allowance, we granted reargument. Upon reargument, we now determine to adhere to our affirmance of the order of the Supreme Court, Bronx County, entered December 14, 1978, and to annul the determination of the respondent Commissioner of the State of New York Department of Social Services, dated May 9, 1979. Accordingly, we direct as follows: Order, Supreme Court, Bronx County, entered December 14, 1978, confirming the determination of the Commissioner of the State of New York Department of Social Services,

dated April 26, 1978, unanimously affirmed, without costs and disbursements. Determination of said commissioner, dated May 9, 1979, denying petitioner's request for a furniture allowance, unanimously annulled, on the law, without costs and disbursements, and the matter remanded to the Department of Social Services. In May, 1977, petitioner, a recipient of aid to families with dependent children, resided with her husband and their six children in an apartment in The Bronx. In consequence of her failure to pay rent, she was evicted and her furniture was put in 30-day storage by a Marshal. She informed the New York City Department of Social Services of these facts and hotel facilities were procured. Apparently she was advised to obtain a new apartment so that the furniture could be retrieved. Instead, she moved in with her mother-in-law, permitting the furniture to be disposed of. Nine months later, she requested the city agency to provide her with moneys in order to procure a new apartment and a furniture allowance. Her application was denied, and she sought review by the State Department of Social Services. In consequence of a fair hearing, the State commissioner affirmed the city agency's denial of a furniture allowance, but specifically directed that petitioner be provided with moving expenses and assisted in procuring a new apartment. This decision, after fair hearing, dated April 26, 1978, specifically found that petitioner and her six children lived in a six-room apartment with 11 other persons and states, *inter alia:* "This living situation adversely affects the health, safety and well-being of the family and a move is necessary. In this case, however (petitioner) did not have a specific apartment to which she presently intends to move. Accordingly, the Agency is directed to assist (petitioner) in finding new living quarters and to grant assistance for a move in accordance with the cited regulations. Decision: The determination of the Agency in denying a furniture allowance is affirmed. The determination of the Agency in denying moving expenses is not and cannot be affirmed. The Agency is directed to take appropriate action in accordance with the foregoing decision pursuant to the provisions of Section 368.22 of the Regulations of the State Department of Social Services." Petitioner sought judicial review of the commissioner's determination by way of an article 78 proceeding. Justice Kent confirmed the administrative determination by order entered December 14, 1978. In April, 1979, petitioner moved into a new unfurnished apartment and reapplied for a special furniture allowance and for emergency assistance to procure furniture. The city agency denied those applications and she sought review by way of a fair hearing. The State commissioner in a decision after fair hearing dated May 9, 1979, affirmed the city agency's determination. In this decision it is stated that—"Pursuant to a prior decision after fair hearing issued on April 26, 1978, the Agency's determination to deny a prior request by the (petitioner), for an allowance for the purchase of furniture to establish a home, was affirmed. The (petitioner) has presented no evidence of any material change of circumstances in connection with her more recent request. The (petitioner) *lacks adequate furniture for the apartment she and her children have resided in since April 17, 1979.* This situation did not result from any sudden or unexpected event or set of circumstances which could not have been anticipated * * * In this case, the record establishes that the (petitioner) requested a grant of EAF for the purchase of furniture on April 19, 1979, and that the Agency denied her request on April 25, 1979. The record further establishes that the (petitioner) and her children had their own apartment and furniture until May 1977, when they were evicted for non-payment of rent and had their furniture put in storage by the City Marshal. The record further establishes

that the (petitioner) joined the household of her children's father, and did not at that time seek a new apartment for herself and her children, although she had been informed by the Marshall that her furniture would be stored for only thirty days. The (petitioner) went to the Agency once, after receiving a notice that her furniture would be sold, but made no further attempt to secure the return of her furniture. The record further establishes that although the (petitioner) resided with her children's father's family from May 1977 through April 1979, she never contributed to the cost of utilities or non-shelter expenses there, she did not save any money for the purchase of furniture, never sought help from charitable agencies prior to moving into her own unfurnished apartment in April 1979 . . . Inasmuch as it has already been decided by the decision after fair hearing dated April 26, 1978, that the (petitioner) is not entitled to an allowance (pursuant to Section 352.7(a) of the Regulations) there is no issue to be decided regarding the (petitioner's) renewed request for such an allowance." (Emphasis supplied.) What is disturbing about this decision is that there is a specific finding therein that the petitioner lacked adequate furniture for the apartment she and her six children have resided in since April 17, 1979. There is an attitude on the part of the courts to protect minor children who are wards of the court. Thus, the Court of Appeals recently in *Matter of Gunn v Blum* (48 NY2d 58) held that in the absence of a demonstration of a lack of need, financial assistance directed to dependent children in the form of a grant under the aid to families with dependent children program may not be discontinued or reduced because the parents of the children have refused to comply with instructions from the Department of Social Services with respect to the disposition of a certain nonessential asset belonging to the parents. This result arises from the fact that needy children may not be penalized by loss of public assistance on the basis of their parents' conduct, and in view of the primary goal of the AFDC Program which is the protection of the needy child. Therefore, reduction in assistance directed to a dependent child without a corresponding decrease in that child's need plainly thwarts the purpose of the program. This same philosophy enunciated by the Court of Appeals was recently followed by the Second Department in *Colon v Shang* (74 AD2d 559). The children may not be penalized for the error on the part of their mother in 1977 in not obtaining an unfurnished apartment into which the furniture stored by the City Marshal for 30 days could be removed. The order of the Supreme Court, entered December 14, 1978, confirmed the determination of the Commissioner of the State of New York Department of Social Services dated April 26, 1978, insofar as it denied a special grant of furniture to petitioner is, in our view, predicated on the facts that petitioner did not at that time have a specific apartment to which she presently intended to move, and that the agency was directed to assist her in finding new living quarters and to grant assistance for a move in accordance with the cited regulations. It was conceivable, therefore, that petitioner might find a furnished apartment which would obviate the need for a request for a furniture allowance. However, petitioner relocated in an unfurnished apartment and this constituted a new fact or changed circumstance contrary to the commissioner's subsequent decision after fair hearing upon petitioner's renewed request for a furniture allowance. Accordingly, the subsequent determination of the respondent State commissioner denying petitioner's second request for a furniture allowance is annulled, on the law, in light of the aforesaid, and the respondents are directed to furnish petitioner with a furniture allowance if the circumstances do warrant such relief, i.e., the petitioner and her

786

six children live in an apartment virtually bereft of furniture. Concur—
Kupferman, J. P., Birns, Fein, Markewich and Lupiano, JJ.