■ In the Matter of the Adoption by DAVID E. JOHNSON and Another of TETHANNI M. DE VITO. (Appeal No. 2.)—Order unanimously reversed, without costs, and matter remitted to Jefferson County Family Court for further proceedings, in accordance with the same memorandum as in *Matter of De Vito* (77 AD2d 808). (Appeal from order of Jefferson County Family Court—adoption.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.

■ In the Matter of THERESA BUJNICKI, Appellant, v FRED J. BUSCAGLIA, as Commissioner of the Erie County Department of Social Services, et al., Respondents.—Judgment unanimously reversed, with costs to appellant, by annulling respondents' determination insofar as it discontinues AFDC benefits to petitioner's minor children irrespective of their need, and otherwise affirmed. Memorandum: Since November, 1978 petitioner and her minor children were receiving Aid to Families with Dependent Children (AFDC). Before receiving such assistance, petitioner had stated to the department of respondent Buscaglia that she was willing to execute a second mortgage to that department on her residence premises in Buffalo, and she assigned to the department her and her children's rights to support payments from her ex-husband, the co-owner of the residence. In April, 1979, however, petitioner refused to execute such a mortgage on her residence, and the department promptly notified her of its intent to discontinue the public assistance grant. Petitioner demanded and received a fair hearing thereon, and the department's determination to discontinue was upheld based upon petitioner's refusal to execute the mortgage on her residence. In this CPLR article 78 proceeding to review that determination, Special Term confirmed it. Under subdivision 1 of section 360 of the Social Services Law respondent was justified in requiring petitioner to execute such mortgage as a condition of continuing to grant aid to her *(Matter of Primeau v Toia,* 63 AD2d 814). We conclude, however, that petitioner's refusal to execute the mortgage did not entitle the department to discontinue its aid to petitioner's minor children without first determining their lack of need (see *Matter of Gunn v Blum,* 48 NY2d 58). We do not believe that the statutory authorization to respondent contained in subdivision 1 of section 360 of the Social Services Law limits the application of *Gunn (supra)* (see, also, *Matter of Reid v Toia,* 72 AD2d 465; *Colon v Shang,* 74 AD2d 559). (Appeal from judgment of Erie Supreme Court—art 78.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.