■ In the Matter of RUTH JOHNSON, on Behalf of Her Minor Children, et al., Appellants-Respondents, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents-Appellants. — Cross appeals from a judgment of the Supreme Court at Special Term (Swartwood, J.), entered January 28, 1981 in Chemung County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, challenging the validity of respondents' denials of public assistance to petitioners' respective minor children, ordered that such assistance be furnished provided the children otherwise qualify for assistance, remitted the matter to respondent Chemung County Department of Social Services to determine eligibility for such assistance, and upon a finding of eligibility to provide such assistance retroactively to December 5, 1980 in the case of petitioner Johnson and to December 2, 1980 in the case of petitioner Stone, and further denied payment of counsel fees to the attorneys for petitioners. Respondents Blum and Fortier have appealed from the judgment to the extent that it determines petitioners'

children eligible for public assistance. Petitioners appeal from the denial of attorney's fees. Petitioner Ruth Johnson applied for public assistance for her two minor children and a third minor child over whom she had been awarded custody. On December 4, 1980, the local agency denied her application because she refused to dispose of her automobile, a 1978 Plymouth. She claimed that she needed the automobile for transportation and that she is morally obligated to her parents to apply the proceeds of any sale of the car to a debt of $1,650 for moneys advanced by them to pay off a finance company's interest in the car. Petitioner Mary Stone resided with her husband and their two minor children when she applied for public assistance for herself, her husband and their two children. On December 2, 1980, the local agency denied her application because of her husband's refusal to utilize a resource owned by him, to wit, a 1972 Duster automobile. The denials of aid to both petitioners were made pursuant to Administrative Directive 80 ADM-1, issued January 30, 1980 by the State Commissioner of Social Services in response to the Court of Appeals decision in *Matter of Gunn v Blum* (48 NY2d 58). The administrative directive provided that "in the absence of a demonstration of lack of need, financial assistance directed to dependent children may not be discontinued or reduced because their parents refuse to dispose of certain non-essential assets belonging to the parents." It then continued: "This decision does *not* affect applicants for public assistance. When an applicant fails to dispose of an available resource as required by the local social services official, the entire family is ineligible for public assistance." Petitioners commenced this article 78 proceeding challenging the above directive on constitutional and other grounds. Respondents, *inter alia,* raised the defense that petitioners have failed to exhaust their administrative remedies. Special Term, *inter alia,* found that the policy promulgated by the State commissioner under Administrative Directive 80 ADM-1 denies equal protection of the law to petitioners' children. These cross appeals ensued. There should be an affirmance of the judgment entered at Special Term. Respondent Blum's contention that Special Term erred in ruling that petitioners need not exhaust administrative remedies before bringing this article 78 proceeding is without merit. Petitioners herein satisfy the exceptions to the general rule that available administrative remedies must be exhausted before a litigant may seek judicial relief, which exceptions were enunciated in *Watergate II Apts. v Buffalo Sewer Auth.* (46 NY2d 52, 57). Their petition asserts a valid constitutional challenge to the agency's action, establishes that resort to the administrative remedy of a fair hearing would be futile since the hearing officer would be required to follow the directive under attack, and further shows that delay caused by pursuing such a remedy would cause irreparable injury to the infants. Respondent Blum's argument that the policy of denying public assistance to the minor children of applicants who refuse to utilize nonessential resources to reduce or eliminate their families' need for public assistance is reasonable and proper under the Constitution and law is also without merit. Recipient children cannot have their aid discontinued or reduced based upon their parents' failure to dispose of a resource without first determining their lack of need *(Matter of Gunn v Blum, supra; Matter of Bujnicki v Buscaglia,* 77 AD2d 809, affd 53 NY2d 906). The denial of assistance to children such as petitioners', while granting aid to identically situated recipient children, is violative of the equal protection of the laws provisions of the United States Constitution and the New York State Constitution. Special Term herein correctly found that the policy reflected by Administrative Directive 80 ADM-1 lacks a rational relationship to any legitimate State goal. It discriminates between two distinct classes, whose only difference is in their members' status as applicants rather than recipients. Petitioners urge that it was error for Special Term to deny an award of counsel fees. The pertinent

statute provides that the court "in its discretion" may award counsel fees (US Code, tit 42, §1988). We find no reason to disturb the exercise of that discretion in the instant case *(Matter of Bess v Toia,* 66 AD2d 844, 845). Judgment affirmed, with one bill of costs to petitioners. Kane, J.P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.