OPINION OF THE COURT
Edward J. Greenfield, J.
Petitioner in this CPLR article 78 proceeding seeks to annul the determination of respondent which denied petitioner’s application for residential health care assistance.
In July, 1979, petitioner entered into residence at the Mary Manning Walsh Home. In October, 1979, petitioner applied to the New York City Department of Social Services for health care assistance. On October 23,1979, social services denied her application on the ground that she possessed available resources in excess of those exempt from consideration which eliminated her from consideration for such assistance. Petitioner appealed the determination and after a fair hearing, the determination was affirmed.
The affirmance was predicated upon the finding that petitioner had assets of approximately $60,000. Petitioner argues that the assets attributable to her comprise the *624 corpus of an irrevocable inter vivos trust created by her on February 24, 1976, which only gives her interest income which sums were so low that they should have been exempted from consideration under section 366 of the Social Services Law.
The trust provides that petitioner’s son, John M. Harrington, is to be sole trustee and further provides that he:
“(2) * * * may in his sole discretion, but he shall not be under any obligation to do so, pay to the Settlor, or use for her benefit, such portion or all of the principal of the trust estate as the Trustee Determines to be required for the Settlor’s support or comfort, or for any other purpose which the Trustee determines to be in her best interests.”
“(4) If at any time the Settlor is under legal disability or is, in the opinion of the Trustee, incapable of properly managing her affairs, the Trustee may in his sole discretion use so much of the income and/or principal for her support and comfort as the Trustee may determine to be required for those purposes.”
Section 1 of article 17 of the New York State Constitution provides that “[t]he aid, care and support of the needy are public concerns and shall be provided by the state and by such of its subdivisions”. This provision is completed by section 365-a of the Social Services Law which requires that “[t]he amount, nature and manner of providing medical assistance for needy persons shall be determined by the public welfare official”, who shall consider only such income and resources as are available to the applicant (Social Services Law, § 366, subd 6, par [b]). Thus it is clear that medical assistance is to be limited to needy persons and may consider only resources available to the applicant.
The word “needy” does not encompass a person who may create that need by failing or refusing to provide for her own needs. (Matter of Flynn v Bates, 67 AD2d 975; Matter of Barie v Lavine, 48 AD2d 36; see, also, Matter of Williams v Toia, 61 AD2d 333.) The regulations of the Department of Social Services sets forth the policy of this State that “[Resources shall be so utilized as to eliminate or reduce the need for public assistance * * * and conserve public funds * * * Applicants and recipients shall generally be *625 required, to utilize available resources and to apply for and otherwise pursue potentially available resources” (18 NYCRR 352.23 [a]).
Here it is evident that, in fact, petitioner did provide for her own needs by provisions in the trust which allows for invasion of the corpus for her needs. Although the trustee has discretion as to whether or not to invade the trust for the benefit of the settlor, the failure to exercise that discretion in circumstances such as these may be suspect as a conflict of interest. In view of the foregoing, the determination by respondent that the corpus of the trust is available for use for the benefit of the petitioner is neither arbitrary nor capricious and, accordingly, the petition is denied.