■ In the Matter of ANNE PHILLIP, Appellant, v CESAR PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Commissioner of Social Services, dated March 4, 1985, and made after a statutory fair hearing, the petitioner appeals, as limited by her notice of appeal and brief, from so much of a judgment of the Supreme Court, Kings County (Pino, J.), dated September 19, 1985, as denied her application to annul that portion of the State Commissioner's determination which denied her application for a shelter allowance.

Judgment reversed insofar as appealed from, on the law, without costs or disbursements, petition granted to the extent of annulling that portion of the determination which denied the petitioner's application for a shelter allowance for her children, and the respondents are directed to grant the petitioner's application for a shelter allowance for her children.

The 20-year-old petitioner and her two children lived with the petitioner's parents in a building owned by the petitioner's father. The petitioner had been receiving a grant of public assistance in the form of Aid to Dependent Children, as the payee for her two children. She then moved into a different apartment in the building, executed a lease with her father and sought a shelter allowance for the children. The State Commissioner affirmed the local agency's determination denying that request.

The denial of the shelter allowance without a finding of present lack of need of the children for such shelter was improper *(see, Matter of Gunn v Blum,* 48 NY2d 58; *Matter of Johnson v Blum,* 83 AD2d 731, *revd on other grounds* 58 NY2d 454), and was predicated upon an improper assumption that the children's grandparents were legally responsible for and would provide for their grandchildren's shelter *(cf.* Social Services Law § 101). Eiber, J. P., Kunzeman, Kooper and Spatt, JJ., concur.