OPINION OF THE COURT
Arnold F. Ciaccio, J.
In this estate proceeding, the Monroe County Department of Social Services (MCDSS) as intervenor requests the court to authorize and direct the guardian ad litem to exercise on behalf of his ward a spousal right of election against the will of the decedent, Dorothy Street. MCDSS maintains that the exercise of the right of election is a condition of Medicaid eligibility and failure to take advantage of this election will result in a denial of benefits.
In her will Dorothy Street left in trust the sum of $2,000 to be used for the "comfort” of her husband, the incompetent surviving spouse. Further, she added, "I intend to restrict the use of the monies in said trust to those items which my said trustee deems necessary and appropriate for my said husband which are not provided for him by any governmental agency or insurance company.” The balance of the trust as well as the estate is left in varied degrees to several named legatees. The estate appears not to exceed $40,000.
The facts are not at issue. Dorothy Street died testate on April 4, 1994. Her husband, John Street, is her sole distributee. John is 87 years old and has been a patient for two years at Monroe Community Hospital in Rochester, New York. He has been receiving Medicaid assistance from the Monroe County Department of Social Services for some time. John Street is a person under disability as defined by SCPA 103. A guardian ad litem was appointed to represent him in the probate proceeding. The will was admitted to probate on May 18, 1994 and letters testamentary issued to Milton Bloom and Arline Gerber, brother and niece of the decedent respectively. At this point, the intervening MCDSS appeared and requested the court to authorize and direct the guardian ad litem to exercise the spousal right of election.
The right of election is personal to the surviving spouse provided they are competent. (EPTL 5-1.1 [e] [1], [2].) The EPTL provides for the right of election to be exercised on behalf of an incompetent surviving spouse by a committee, *201 conservator, guardian ad litem, or a guardian appointed under article 81 of the Mental Hygiene Law when authorized to do so by the court. (EPTL 5-1.1-A [c] [3] [D].) Governmental agencies have tried to activate the right of election in order to be reimbursed for past expenses and have been denied. (Matter of Craig, 82 NY2d 388.)
In this instance, the MCDSS is not seeking to recover for past expenses. It maintains that John Street will not be eligible for continued Medicaid because he has failed to exercise his right of election. (18 NYCRR 360-2.3 [c] [1]; Matter of Lamonica, 80 AD2d 898.) The case law is quite clear that a competent person who chooses not to pursue resources such as the right of election will be disqualified. (Matter of Tutino, 153 AD2d 181; Matter of Harrington, 117 Misc 2d 623; Matter of Flynn v Bates, 67 AD2d 975.) For an incompetent person the law is not so clear.
In making its determination, the court must examine whether it is in the best interests of the incompetent adult to authorize the exercise of the right of election. (Matter of Fabell, 121 Misc 2d 176, 184.) Will the action by the guardian enhance or effectively alter the ward’s present circumstances? There is little guidance in this area in existing law and the court is reluctant to do what the Legislature has not directed be done.
Recently, the New York State Legislature extended to a guardian ad litem the power to exercise the right of election when authorized by the court. (EPTL 5-1.1-A, as added by L 1992, ch 595.) In adding a guardian ad litem to the list of those who may act to exercise a right of election, the enabling legislation does not appear to expand or amplify the power, duty or authority of the newly authorized fiduciary. (Compare a committee or conservatorship where the obligation is indeed on the fiduciary to collect assets; see, Matter of Scrivani, 116 Misc 2d 204; Matter of Matthews, 54 AD2d 999.) The court’s authority also appears unchanged. If the Legislature wished to have all incompetent surviving spouses who are on Medicaid or in some way receiving governmental aid exercise their elective shares for the purpose of continued eligibility, they could have carved out that exception from the discretion given to the court. Likewise, Medicaid eligibility requirements which terminate competent spouses’ benefits who do not take their elective share could easily require the same for incompetent spouses. " 'The Legislature is presumed to mean what it says, and if there is no ambiguity in the act, it is generally con *202 strued according to its plain terms. The court is obliged to construe statutory language literally where it expresses the evident intent of the Legislature, and the court cannot disregard the plain words of a statute even in favor of what may be termed an equitable construction, in order to extend it to some supposed policy not included in the act. A statute should not be extended by construction beyond its express terms or reasonable implications of its language.’ ” (McKinney’s Cons Laws of NY, Book 1, Statutes § 94, as cited in Matter of DeVita, 141 AD2d 46, 51.) John Street resides at the Monroe Community Hospital skilled nursing facility where he is totally subsidized by the Medicaid program. Mr. Street received similar assistance prior to his wife’s death and it presently continues. Nothing will change in his care or treatment if the court grants the MCDSS request. His life will not in any way change nor will the present environment or life-style of the incompetent surviving spouse be improved or altered.
The court does not want to speculate on continued eligibility for benefits or whether the MCDSS is "threatening” an 87-year-old incompetent man with eviction from the hospital. Medicaid eligibility will be determined in the normal course of the Commissioner’s ruling and perhaps a subsequent CPLR article 78 proceeding.
Nothing before the court indicates that it is in the best interests of John Street to order the exercise of his right of election by the guardian ad litem. The request is denied.