■      In the Matter of MORTON KOPPEL, Respondent, v. WILLIAM S. HULTS, as Commissioner of the Department of Motor Vehicles of the State of New York, Appellant.— In a proceeding under article 78 of the former Civil Practice Act, the Commissioner of the Department of Motor Vehicles appeals from an order of the Supreme Court, Nassau County, dated August 14, 1963, which annulled his determination suspending petitioner's driver's license for a period of 30 days. Order reversed on the law and the facts, without costs; petition granted to the extent of modifying, on the facts and in the exercise of discretion, the Commissioner's determination by limiting the suspension of petitioner's license to the time for which it has already been suspended; and as so modified, the determination is confirmed, without costs. After a hearing before a Referee of the Department of Motor Vehicles, following a collision between petitioner's automobile and another automobile, the petitioner's driver's license was suspended for 30 days. Petitioner testified that he was proceeding toward an intersection at 15 miles per hour  and was 20 feet from the intersection when he first saw a car approaching the intersection from the cross street on his right, such car being then 50 feet from the intersection and proceeding at a speed exceeding 30 miles per hour. Petitioner did not slow or yield because he thought he had time to pass through the intersection, but in fact a collision resulted. Thirteen days after the suspension of his license, petitioner obtained an order to show cause at Special Term which stayed the suspension that was subsequently annulled by the order appealed from. Petitioner claims, *inter alia,* that there was no competent proof at the hearing that he had failed to yield the right of way in violation of section 1140 of the Vehicle and Traffic Law, as found by the Referee. Under these circumstances the proceeding should have been transferred to this court for disposition in the first instance (former Civ. Prac. Act, § 1296, subds. 6, 7; now CPLR 7804, subd. g). Under the statute, however, when the proceeding reaches this court it is to be treated as though it had been transferred and is properly before us. We are required, therefore, to ascertain whether there is substantial evidence to justify the determination complained of (*Matter of Humphrey* v. *State Ins. Fund,* 298 N. Y. 327, 331, 332; *Matter of Miller* v. *Kling,* 291 N. Y. 65). In this case

the petitioner's own testimony appears amply to justify the determination that he had failed to yield the right of way to a car which was entering the intersection from his right at approximately the same time that he was entering such intersection (Vehicle and Traffic Law, § 1140, subd. [b]). If petitioner was 20 feet from the intersection when he saw the other car and was going 15 miles per hour as he testified, he would cover 22 feet in the next second and be two feet into the intersection, while the other car at 30 miles per hour and 50 feet from the intersection would cover 44 feet per second and be six feet from the intersection, which it would enter within one fifth of a second. As petitioner testified that the other car was "going faster than thirty," even the slight theoretic lead which petitioner had at the threshold of the intersection disappears. Obviously the situation which petitioner himself described was exactly the one in which the statute requires that the driver on the left should yield. However, we believe that in the light of all the circumstances, the penalty of a 30-day suspension of petitioner's license was excessive and constituted an abuse of discretion. Petitioner requires the daily use of his car in the practice of his profession, and he has neither had an accident nor been involved in the violation of any traffic regulation during a period of 21 years of daily driving. Accordingly, the suspension imposed is reduced to the period of 13 days which petitioner suffered prior to obtaining the stay from Special Term. Beldock, P. J., Kleinfeld, Brennan, Hill and Hopkins, JJ., concur.