■ In the Matter of VIRGINIA THORNTON, as Mother and Guardian of PAMELA ABRIL, Petitioner, v ABE LAVINE, as Commissioner of New York State Department of Social Services, et al., Respondents.—Determination unanimously annulled, with costs, and petition granted in accordance with the following memorandum: Petitioner, Pamela Abril, aged 19, applied for Aid to Families with Dependent Children on behalf of herself, her two-year-old son, William, and her unborn child. At the time of her application petitioner was four months pregnant and in her application she listed as a resource a 1968 Rambler American automobile, the value of which was estimated at $650. Her application was denied because her automobile was a "cash" resource available to her, and the amount of money that the car was worth could be used as a resource and applied against her needs and the needs of her two children. At the fair hearing demanded by petitioner, the agency submitted proof that the book value of petitioner's automobile was estimated at $650. The regulation under which petitioner's application was denied requires that an investigation into the essentiality of the available cash resource be made (18 NYCRR 352.15[d]). Said section provides as follows: "(d) *Personal property.* Ownership of stocks, bonds, mortgages, mortgage certificates and other securities shall be explored and analyzed to determine their obtainable money value. Ownership of all other personal property including, but not limited to, * * * automobile * * * shall be explored and analyzed with respect to determining their essentiality to the health, living requirements, or to the production of income of the applicant or recipient, his spouse or minor children, and with respect to determining the cash value of non-essential items." At the hearing the caseworker conceded that petitioner's application indicated that she was presently more than four months pregnant which was corroborated by her physician, Dr.

William H. Kreienberg. However, the agency did not make any further investigation into the state of petitioner's health due to her pregnancy. Nor did the agency make any determination to find out whether the automobile was actually worth its "book value". Nor did it make any investigation with respect to the automobile to ascertain whether the property actually amounted to an "available cash resource" to the petitioner. Petitioner's proof established that she lived approximately 10 to 20 miles distant from her physician, that she visits her doctor at least once every three weeks, that it takes about one hour by car to get there, that the nearest bus line to petitioner's home is about two miles away, that medical advice has been against her use of public transportation, that petitioner's food store is about 2½ miles from her home and the bus only runs about halfway, that it is about 2½ miles to petitioner's son's pediatrician, and there is no bus service there, that it is about two miles to a drug store and two miles to the laundry and that in every case petitioner must walk at least halfway or about two miles every time she uses the bus. With respect to an indebtedness on the car both petitioner and her mother, Virginia Thornton, testified that petitioner owed her mother $500 for the car which was to be repaid when petitioner could make the payments. If the car were sold the $500 would have to be taken out of the proceeds and returned to petitioner's mother. Such testimony was corroborated by a written instrument introduced in evidence. The decision of the Commissioner following the hearing was that: "Appellant is not employed and has failed to establish that the auto was of such an essential character as to require its retention for her use. Therefore, the agency determination was correct. Appellant is required to utilize the proceeds of the auto sale for her needs. When such is expended she may reapply for assistance." From the record it is clear that it was not established by substantial evidence that petitioner's automobile was not essential to her minimal health and living requirements and that the automobile was a currently valuable asset which was available to petitioner as a cash resource upon its sale. Respondent's determination that petitioner is required to utilize the proceeds of a sale of her automobile as a condition to receiving assistance is therefore reversed and annulled. (Review of determination denying public assistance, transferred by order of Monroe Supreme Court.) Present—Marsh, P. J., Moule, Mahoney, Goldman and Witmer, JJ.