■ In the Matter of ALEJANDRO RIVERA, Petitioner, v JAMES DUMPSON, as Commissioner of the New York City Department of Social Services, et al., Respondents.—Determination of respondent Stephen Berger as Commissioner of the New York State Department of Social Services, made after a statutory fair hearing, which affirmed a determination of respondent James Dumpson as Commissioner of the New York City Department of Social Services that petitioner's public assistance grant be reduced until amounts allegedly overpaid are recouped, unanimously annulled, together with the determination of respondent Dumpson, on the law, without costs and without disbursements, the petition is granted and respondents are directed to return to petitioner all moneys equal to the sum previously withheld from his grant; without prejudice to respondents seeking to recover overpayments from income or resources of the recipient exclusive of the current assistant payment currently available and as directed herein. Petitioner is the recipient of a grant in aid of dependent children and as such received public assistance on behalf of himself, his wife, and his three minor children. During the period from June 20, 1975 through September 15, 1975, petitioner received disability benefits from workmen's compensation in the amount of $40 per week without notifying the Department of Social Services. The determination sought to be reviewed in this CPLR article 78 proceeding found that petitioner received overpayments of assistance to which he was not entitled due to his willful failure to report the receipt of disability insurance benefits in consequence of which his semimonthly public assistance grant would be reduced by $20 for a period of 31 issues in order to recoup said overpayments. The Code of Federal Regulations provides that the State may not recoup unless such overpayment was caused "by the recipient's willful withholding of information concerning his income" (45 CFR 233.20 [a] [12] [i] [A] [2]). Regarding an omission or failure to report income, recoupment is only permitted "if the State agency has clearly notified the recipient of an obligation to report such changes. The recipient shall be given such notification periodically at times (not less frequently than semi-annually) and by methods which the State agency determines will effectively bring such reporting requirements to the recipient's attention" (45 CFR 233.20 [a] [12] [i] [B] [2]). Each periodic notification shall "[s]pecifically and comprehensibly in simple phraseology indicate the type of information to be disclosed by the recipient. Examples shall be

furnished of the most frequent types of newly acquired income or resources" (45 CFR 233.20 [a] [12] [i] [C] [2]). "The State agency shall require periodic formal acknowledgment by recipients * * * that the reporting obligations * * * had been brought to the recipient's attention and that they were understood" (45 CFR 233.20 [a] [12] [i] [C] [4] [d]). The regulations of the New York State Department of Social Services are identical in substance to the Federal regulations (18 NYCRR 352.31 [d] [2], [3]) and the New York City Department of Social Services may seek recoupment under similar rules (reg 1M No. 16/75). The record herein is devoid of any evidence that petitioner was clearly notified that he must report any changes in income, resources and other circumstances which may affect the amount of the public assistance granted. Such notification is, as delineated above, a condition precedent to recoupment of prior overpayments from current assistance grants *regardless* of current income or resources. However, the issue of whether petitioner has currently available income and resources exclusive of the assistance grant currently available was not considered or urged at the statutory fair hearing and our determination is, therefore, without prejudice to respondents seeking recoupment on this basis. Concur—Kupferman, J. P., Murphy, Lupiano, Lane and Nunez, JJ.