■ In the Matter of DONNA NATOLE, on Behalf of Herself and Her Infant Children, KIMBERLY SOBEL and Others, Respondent-Appellant, v PHILIP L. TOIA, as Commissioner of the New York State Department of Social Services, et al., Appellants-Respondents.—Judgment unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: In this article 78 proceeding respondents appeal from a judgment of Special Term annulling the determination of respondent Commissioner of the Oneida County Department of Social Services, as affirmed by respondent Commissioner of the New York State Department of Social Services, that petitioner's grant of public assistance be reduced by reason of her receipt of car insurance proceeds and her failure to apply such proceeds towards her family's needs. Petitioner cross-appeals from that part of the judgment remanding the matter for additional findings pursuant to the decision of the court. Petitioner and her three children are recipients of public assistance in the form of Aid to Families with Dependent Children. They had been receiving monthly payments of $365 since 1973 which payments were reduced to $337.80 when petitioner obtained employment. Due to the inconvenience of petitioner's stepfather and mother having to

drive petitioner to and from work each day, her stepfather loaned her $700 to purchase an automobile. At that time petitioner informed the local agency of her acquisition and that her stepfather loaned her the money for the purchase of the car. After petitioner had repaid her stepfather $100 towards the loan, the car was stolen and totaled in an accident. Petitioner received a check for $666.12 from her insurance company and proceeded to pay her stepfather the $600 outstanding on the loan, leaving her a balance of $66.12. Respondents contend that petitioner should have applied the full $666.12 of insurance proceeds towards her family's maintenance and that her failure to do so warrants a reduction in her present assistance payments in that amount. We disagree. Before the local welfare agency may recoup the value of the insurance proceeds it must be determined whether these proceeds resulted in a cash surplus to petitioner which could then be applied to her and her family's needs *(Matter of Knowles v Lavine,* 34 NY2d 721; *Matter of Thornton v Lavine,* 51 AD2d 640). The record clearly supports the conclusion that petitioner was indeed loaned $700 by her stepfather and that repayment of that loan out of the insurance proceeds left petitioner with a cash surplus of $66.12. Respondents should be permitted to recoup the cash surplus of $66.12 from petitioner's assistance payments and the matter need not be remanded for additional findings. (Appeal from Judgment of Oneida Supreme Court—art 78.) Present—Marsh, P. J., Moule, Dillon, Goldman and Witmer, JJ.