Court. The record of the proceedings in the Family Court contains insufficient evidence to sustain the orders. Before a support order can be modified there must be a determination, after a full and fair hearing, that the parties' relative situations had changed since the original support order was made (see *Matter of Reynolds v Reynolds,* 50 AD2d 993; *Matter of Amicucci v Moore,* 42 AD2d 701). A determination should also be made of the arrears outstanding between the years of 1972 to 1976. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.

■ In the Matter of DOROTHY HODGES, Individually and on Behalf of Her Infant Daughter, GAMI A. HODGES, Petitioner, v PHILIP TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent State commissioner, dated May 14, 1976 and made after a statutory fair hearing, which affirmed a determination of the respondent Commissioner of the Nassau County Department of Social Services terminating a grant of aid to dependent children to the petitioner and her children. Petition granted and determination annulled, on the law, without costs or disbursements, and the benefits in question are directed to be reinstated retroactive to the date of their discontinuance. The grant in question was terminated on the ground that the petitioner was the registered owner of a 1957 MG automobile and had declined to utilize its value toward the support of herself and her minor children. It appears, on this record, that the petitioner's automobile was essential to her health, living requirements or production of income (see *Matter of Knowles v Lavine,* 34 NY2d 721, 722; *Matter of Thornton v Lavine,* 51 AD2d 640, 641). In any event, the petitioner's failure to comply with the demand of the local agency could not serve to deprive her children of the assistance which they were entitled to receive in the absence of any indication in the record of a present lack of need (see *Matter of Ryan v New York State Dept. of Social Servs.,* 40 AD2d 867; *Matter of Zabala v Lavine,* 48 AD2d 880, 881). Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.

■ In the Matter of Jo A. HOFACKER, Respondent, v ROBERT F. HOFACKER, Appellant.—In a support proceeding, the appeal, as limited by appellant's brief, is from so much of an order of the Family Court, Nassau County, entered October 5, 1976, as increased the total amount of support payments from $90 per week to $145 per week. Order reversed insofar as appealed from, on the law, without costs or disbursements, and application for an increase in support denied. Petitioner failed to show any change of circumstances from the time of the original award contained in the divorce decree of November 13, 1975, to warrant its modification. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.

■ In the Matter of BEVERLY JOHNSON, Individually and on Behalf of Her Infant Children, LAVETTE JOHNSON and Another, Petitioner, v PHILIP TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent State commissioner, dated April 15, 1976 and made after a statutory fair hearing, which affirmed a determination of the respondent Commissioner of the Nassau County Department of Social Services terminating a grant of aid to dependent children to the petitioner and her children. Determination annulled, on the law, without costs or disbursements, and matter remitted to the State Department of Social Services for a *de novo* hearing and a new determination. The grant in question was terminated on the ground that the petitioner was the regis-