■ In the Matter of JOAN MAYSTRIK, Respondent, v FREDERICK O'CALLAGHAN, Appellant.—In a support proceeding, the appeal is from an order of the Family Court, Nassau County, entered April 2, 1976, which, after a hearing, dismissed appellant's petition which alleged that petitioner had violated a prior order of the same court insofar as it fixed his visitation rights. Order affirmed, without costs or disbursements. The Family Court properly concluded that there had been no willful violation of the order of visitation. Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.

■ In the Matter of SUSIE MC PHAUL, Individually and on Behalf of Infant Children, JULIUS MC PHAUL and Others, Petitioner, v PHILIP TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent State commissioner, dated April 30, 1976 and made after a statutory fair hearing, which affirmed a determination of the respondent Commissioner of the Nassau County Department of Social Services terminating a grant of aid to dependent children to the petitioner and her children. Determination annulled, on the law, without costs or disbursements, and matter remitted to the State Department of Social Services for a *de novo* hearing and a new determination. The grant in question was terminated on the ground that the petitioner was the registered owner of a 1970 Plymouth automobile, and had declined to utilize its value toward the support of herself and her minor children. The car was transferred to her godmother for no legal consideration. The license plates and registration were subsequently surrendered to the Bureau of Motor Vehicles. It has not been established that the automobile is currently a valuable asset which is in fact available to the petitioner so that its sale would result in a cash surplus which could be applied to her needs (see *Matter of Knowles v Lavine,* 34 NY2d 721, 722; *Matter of Wilson v Berger,* 52 AD2d 586). Moreover, there is no indication in this record of a finding of lack of need; the petitioner's children therefore may not be deprived of the assistance which they are entitled to receive (see *Matter of Zabala v Lavine,* 48 AD2d 880, 881; *Matter of Ryan v New York State Dept. of Social Servs.,* 40 AD2d 867). Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.