■ In the Matter of CHRISTINE C. CONWAY, Petitioner, v JOSEPH A. D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated June 7, 1976 and made after a statutory fair hearing, which affirmed a determination of the respondent Commissioner of the Nassau County Department of Social Services to discontinue a grant of aid to dependent children to the petitioner and her children. Determination annulled, on the law, without costs or disbursements, and matter remitted to the State Department of Social Services for a *de novo* hearing and a new determination. The grant in question was discontinued on the ground that the petitioner was the registered owner of a 1967 Buick automobile, a resource which respondents determined should be sold and the proceeds utilized toward the support of herself and her three minor children. The determination was based upon a finding that the automobile was not an essential resource and, therefore, should be utilized to reduce or eliminate her need for public assistance. That finding is unsupported by substantial evidence in the record. Prior to the discontinuance of a public assistance grant, the local agency has the duty and burden to explore, analyze and evaluate a recipient's resources to determine whether they are essential to the recipient's health, living requirements, or production of income, and whether the resources are, in fact, available valuable assets, the sale of which would result in a cash surplus which could then be applied to the recipient's needs (see *Matter of Knowles v Lavine,* 34 NY2d 721; *Matter of Wilson v Berger,* 52 AD2d 586; *Matter of Thorton v Lavine,* 51 AD2d 640; *Matter of Zabala v Lavine,* 48 AD2d 880). Such analysis and valuation was not done in this case, and no proof thereof was

submitted at the hearing. In any event, the petitioner's failure to comply with the demand of the local agency could not serve to deprive her children of the assistance which they were entitled to receive in the absence of any indication in the record of a present lack of need (see *Matter of Hodges v Toia,* 56 AD2d 628; *Matter of Johnson v Toia,* 56 AD2d 628; *Matter of McPhaul v Toia,* 56 AD2d 630; *Matter of Zabala v Lavine, supra; Matter of Ryan v New York State Dept. of Soc. Servs.,* 40 AD2d 867). Martuscello, Acting P. J., Cohalan, Rabin and Mollen, JJ., concur.