■ In the Matter of ERNESTINE CLIFFORD, Individually and on Behalf of Her Infant Daughter, LORI CLIFFORD, Petitioner, v CARMEN SHANG, as Acting Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent State commissioner, dated June 23, 1977 and made after a statutory fair hearing, which affirmed a determination of the local agency discontinuing petitioner's grant of aid to dependent children. Petition granted and determination annulled, on the law, without costs or disbursements, and respondents are directed to reinstate the grant retroactively, as of the date of its termination. Petitioner and her daughter

are recipients of benefits in the aid to dependent children program. Their total public assistance grant is $353 per month. Out of that amount, they spend $260 per month for their apartment and $50 per month for food stamps. On April 1, 1977, the local agency informed petitioner that her public assistance would be terminated due to her failure to adequately explain how she is able to pay for all of her expenses with the assistance grant which she receives. Petitioner demanded a hearing to contest the decision. At the fair hearing the agency examiner testified that the foregoing financial information supported the discontinuance of aid. No evidence was presented that petitioner had either willfully withheld information from the agency or concealed her current available resources. After the fair hearing, the State commissioner affirmed the agency's determination. We hold that the determination of the State commissioner is unsupported by substantial evidence in the record. Before a local agency may discontinue a public assistance grant, it has the duty and burden to explore, analyze and evaluate a recipient's resources to determine whether they are essential to the recipient's health, living requirements or production of income, and whether the sale of these resources could be applied to the recipient's needs (see *Matter of Conway v D'Elia,* 56 AD2d 888). No proof was presented at the hearing that the agency made such an analysis and evaluation in this case. In any event, public assistance to petitioner and her child could not be discontinued in the absence in the record of any showing of lack of need (see *Matter of Barksdale v D'Elia,* 62 AD2d 1018; *Matter of Conway v D'Elia, supra; Matter of Rosa v Lavine,* 50 AD2d 571). Suozzi, J. P., O'Connor, Gulotta and Cohalan, JJ., concur.