In the Matter of BERNARD GOLOTY, Petitioner, v J. HENRY SMITH, as Commissioner of the New York City Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated October 19, 1976 and made after a statutory fair hearing, which modified a determination of the local agency to recoup overpayments from petitioner's current assistance grant by reducing the amount to be recouped. Petition granted, determination annulled, on the law, without costs or disbursements, and respondents are directed to return

to petitioner the amount withheld from his grant. Petitioner is, and was at all times relevant to this proceeding, a recipient of public assistance in the category of home relief. In August, 1976 the local agency notified petitioner that it was reducing his current assistance grant so that it might recoup $1,317.27 in overpayments alleged to have been made because of his failure to report an increase in his unemployment insurance benefits. After a statutory fair hearing, the State commissioner found that petitioner had willfully concealed from the local agency the fact that his unemployment insurance benefits had increased. Accordingly, the State commissioner affirmed the local agency's determination to reduce petitioner's grant. However, he reduced the total amount to be recouped to $399.60. It is apparent that the State commissioner's determination was based upon 18 NYCRR 352.31 (d) (2), (3). These regulations essentially provide that overpayments may be recouped from current assistance grants, irrespective of current income and resources, if the overpayments were occasioned by a recipient's willful withholding of information *and* if the recipient is periodically notified of his obligation to report any changes in income, etc. The finding of willful concealment is not supported by substantial evidence. To the contrary, the local agency's records suggest that petitioner showed the agency his unemployment insurance benefits book, which plainly noted the increase in question. Even if the evidence sufficed to show that petitioner had not informed the agency of the increase in his unemployment insurance benefits, the State commissioner's determination could not stand because there is no evidence that petitioner was clearly notified that he must report any changes in income or resources or other circumstances which might affect the amount of the grant of public assistance (see *Matter of Rivera v Dumpson,* 54 AD2d 646; *Matter of Cabrera v Toia,* 57 AD2d 833; 18 NYCRR 352.31 [d] [3]). We note that the local agency did not attempt to recoup the overpayments on the basis of 18 NYCRR 352.31 (d) (1), which allows recoupment, regardless of whether the recipient willfully withheld information, on condition that the recipient had currently available income exclusive of the assistance grant. Nor does the instant record establish the existence of any other currently available income (see *Matter of Herring v Blum,* 68 AD2d 64; cf. *Matter of Rivera v Dumpson, supra).* O'Connor, J. P., Rabin, Shapiro and Mangano, JJ., concur.