■ In the Matter of JOAN CURRY, Respondent, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, Appellant, and JAMES E. KIRBY, as Commissioner of the Suffolk County Department of Social Services, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services, dated February 28, 1978 and made after a statutory fair hearing, which modified a determination of the local agency to reduce petitioner's current public assistance grant in order to recoup an amount received by the petitioner as income tax refunds, the appeal is from a judgment of the Supreme Court, Suffolk County, entered September 15, 1978, which annulled the determination and directed that petitioner be reimbursed the amount withheld from her grant. Judgment affirmed, without costs or disbursements. Petitioner is in receipt of a grant of aid to families with dependent children on behalf of herself and her two minor children. In January, 1978 the local agency informed petitioner that it intended to reduce her grant because of her receipt of income tax refunds. The State commissioner found, after the fair hearing, that the petitioner received an overpayment of assistance resulting from her willful failure to report the tax refunds to the agency until after they were fully expended. Petitioner's uncontroverted testimony and her proof at the hearing reveal that she notified the local agency of her expected 1976 tax refunds in a March, 1977 application interview with an official of said agency. In addition, petitioner also submitted copies of her income tax forms to the agency. Petitioner received Federal and State income tax refunds in June, 1977. At the hearing she testified that she used those refunds to repay debts which she had incurred prior to her receipt of public assistance. The appellant contends that Special Term erred in failing to transfer the proceeding to this court for determination in the first instance pursuant to CPLR 7804 (subd [g]). The petition in the case at bar does not contend that the determination under review is not supported by substantial evidence (see CPLR 7803, subd 4) but, rather, alleges that it is arbitrary and capricious and erroneous as a matter of law (see CPLR 7803, subd 3). Where a petition fails to assert that the determination sought to be reviewed is not supported by substantial evidence, that claim is waived. The basis for transfer must be found in the petition itself and the State commissioner's answer may not alter or amplify the particular grounds raised in the application or introduce an affirmative claim not made by the petitioner (*Matter of Robertson v Lavine,* 71 Misc 2d 757, 758-759; *Norton v Lavine,* 74 Misc 2d 590, 593; *Matter of Williams v Lavine,* 77 Misc 2d 566, 567; *Matter of Jennings v Lavine,* 79 Misc 2d 176, 177-178; *Matter of Perez v Lavine,* 79 Misc 2d 179, 180; *Matter of Russell v Dumpson,* 79 Misc 2d 968, 970; *Matter of Berliner v Lavine,* 80 Misc 2d 1, 2; *Matter of Fredericks v Dumpson,* 84 Misc 2d 514, 515; see, also, Lewis, Transfer of Article 78 Proceedings, NYLJ, Jan. 19, 1979, p 1, col 2; cf. *O'Brien v Barnes Bldg. Co,* 85 Misc 2d 424, 428-436, where the court dealt with the converse of the situation at bar, the petitioner claiming that a determination was not supported by substantial evidence and the court ruling that only an issue of law concerning statutory interpretation was presented). Thus, appellant's argument that the determination under review is supported by substantial evidence is irrelevant because it is not responsive to the issues raised by the petition. The petition raises two grounds in support of the argument that the determination in question was arbitrary and capricious. Both are based upon the violation of procedures set forth in certain of the regulations promulgated by appellant. Special Term accepted the first of these grounds and held that the local

agency failed to undertake an evaluation of whether the income tax refunds constituted an available resource as required by 18 NYCRR 352.11 and 352.16 (a). We must disagree. The income tax refund checks received by the petitioner at bar represented the deferred receipt of earned income. The local agency is required to evaluate the availability of earned income because, *inter alia,* certain amounts thereof are exempt and are to be disregarded in determining need (18 NYCRR 352.17 [b]; 352.19 [a] [2]; 352.20). Contrary to the finding of Special Term, it is apparent that the local agency did make such an evaluation since the total tax refund to petitioner was $447.84, but the agency only sought to recoup $188.84, the portion thereof that it determined to be nonexempt. Section 352.17 of the regulations provides in relevant part: "(b) Computation of net earned income. (1) In computing the amount of net earned income to be applied against the estimate of needs, the following method shall be utilized: (i) the applicable amount of exempt earned income shall be deducted from the gross amount of earned income; (ii) all expenses incident to employment, personal and non-personal shall then be deducted; (iii) prescribed special work expenses shall next be deducted; and (iv) *the net amount remaining shall be applied against the estimate of needs in determining the amount of assistance payment."* (Emphasis added.) The petitioner does not contend that the refund moneys were used to pay expenses incident to employment or were used to pay prescribed special work expenses under subparagraphs (ii) and (iii), above, but rather she claims that they were used to pay debts contracted for living expenses at a time after she had left employment, had taken up residence in this State and before she had qualified for public assistance. Such an expenditure is not to be deducted from gross earned income in order to reach the available net income remaining which the regulation specifically requires "shall be applied against the estimate of needs in determining the amount of assistance payment" (18 NYCRR 352.17 [b] [1] [iv]). The cases cited by petitioner are inapposite since they deal only with the question of whether a local agency made a proper evaluation to determine if an item of personal property, not earned income, was not essential to the recipient's health, living requirements or production of income and was thus an available asset, the sale of which would result in a cash surplus that could be applied to the recipient's needs *(Matter of Conway v D'Elia,* 56 AD2d 888; *Matter of Knowles v Lavine,* 34 NY2d 721; *Matter of McPhaul v Toia,* 56 AD2d 630; *Matter of Wilson v Berger,* 52 AD2d 586; *Matter of Thornton v Lavine,* 51 AD2d 640). Nevertheless we affirm upon the basis of the second ground asserted in the petition. It is clear that the State may not seek to recoup prior overpayments from public assistance grants unless the recipient has previously received notice of his or her obligation to report any changes in income which might affect the amount of the grant (18 NYCRR 352.31 [d] [2], [3]; 45 CFR 233.20 [a] [12] [i]; *Matter of Rivera v Dumpson,* 54 AD2d 646; *Matter of Cabrera v Toia,* 57 AD2d 833). The regulations require that the periodic notification be made not less frequently than semiannually, and that the notice shall specifically "indicate the type of information to be disclosed by the recipient and shall include examples of the most frequent types of newly acquired income or resources" (18 NYCRR 352.31 [d] [3] [i]). Proof of such notification is a "condition precedent" to recoupment of prior overpayments from current assistance grants *(Matter of Rivera v Dumpson,* 54 AD2d 646, 647, *supra; Matter of Cabrera v Toia,* 57 AD2d 833, 834, *supra).* In the instant case the record fails to establish that the local agency complied with the applicable State and Federal regulations in this regard. Testimony adduced at the fair

hearing revealed that petitioner signed a statement routinely presented at the time of her application for assistance which provided, "I agree to inform the agency promptly of any change in my needs, income, property, living arrangements." This statement is clearly insufficient compliance with the requirement that the periodic notification "Specifically and comprehensively in simple phraseology indicate the type of information to be disclosed by the recipient" (45 CFR 233.20 [a] [12] [i] [C] *[2]*; see, also, 18 NYCRR 352.31 [d] [3] [i]). It does not contain the required examples of the most frequent types of newly acquired income or resources. Petitioner's erroneous belief that the receipt of income tax refunds did not constitute a change of income would have been corrected had the local agency given her specific notification of that fact in accordance with the regulations. Damiani, J. P., Titone, Cohalan and O'Connor, JJ., concur.