■ In the Matter of DAWN KNOWLTON, Respondent, v CARMAN SHANG, as Acting Commissioner of the New York State Department of Social Services, Appellant, and RONALD B. HACKETT, as Commissioner of the Cattaraugus County Department of Social Services, Respondent. — Judgment vacated, petition unanimously granted, without costs, and determination annulled. Memorandum: In this CPLR article 78 proceeding respondent State commissioner appeals from a judgment which vacated and annulled his decision, after fair hearing, affirming a determination of respondent county commissioner which directed recoupment of State and Federal income tax refunds received by petitioner in February, 1977. Petitioner, the mother of two children, is a recipient of public assistance in the ADC category. In January, 1977 she filed her State and Federal income tax returns for 1976, and in February, 1977 received refunds totaling $106. At the fair hearing, evidence was presented showing that with each assistance check sent out in January, 1977, the local agency enclosed a notice which, *inter alia*, stated: "1976 INCOME TAX This is to advise you that according to Regulation 352.23, it is mandatory that you file both a Federal and State Tax if you or a member of your family worked in 1976. It will be necessary for you to furnish our Department with proof of all wages and your completed income tax form. If you should be eligible for a refund, it might be a resource available to you which may be used to reduce your need for Public Assistance. If you have any questions, contact Michael Keehan, 372-0030, extension 21." Petitioner acknowledged that she received her January assistance check but testified that she did not remember whether she had seen or read the afore-mentioned notice. On April 4, 1977 petitioner was questioned by a caseworker as to the proceeds of the tax refunds and although there is conflicting evidence in the record as to when petitioner expended such money for a babysitter and for clothes for the children, the evidence supports the decision after fair hearing that the moneys had been spent "before the agency was informed that such amounts had in fact been received by her". The fair hearing decision determined that petitioner had willfully withheld information concerning her resources and ordered recoupment from petitioner by deduction of 10% of her future assistance payments. Upon respondent State commissioner's affirmance of that determination, petitioner instituted this proceeding. Special Term annulled the decision after fair hearing, vacated the order for recoupment, and directed the return to petitioner of sums theretofor recouped. Respondent

appeals from that judgment. Initially, we note that Special Term did not have jurisdiction to entertain this proceeding since the issue to be resolved is whether the determination by respondent was supported by substantial evidence. Its obligation was to transfer the proceeding directly to this court (CPLR 7804, subd [g]). We thus vacate the judgment and treat the proceeding as though it had been properly transferred *(Matter of Hammerl v Mavis,* 41 AD2d 724, affd 34 NY2d 579; *Matter of Speller v State of New York Drug Abuse Control Comm.,* 67 AD2d 1079). Where overpayment of public assistance results from a recipient's willful withholding of information concerning income or resources, recoupment shall be made only when: recipients are notified, at least semiannually, that "they must report changes in income, resources and other circumstances which may affect the amount of the public assistance grant to the local social services agency within 10 days after each change" (18 NYCRR 352.31 [d] [3] [i]); "the recipient has been advised that he is required to contact the social services agency within 10 days if there is any doubt whether a particular change in circumstances constitutes reportable information" (18 NYCRR 352.31 [d] [3] [ii]); and "the social services agency has obtained periodic formal acknowledgment by the recipient that the reporting obligations have been brought to [her] attention and that they were understood" (18 NYCRR 352.31 [d] [3] [iii]). Compliance with such requirements is a precondition to recoupment (see *Matter of Rivera v Dumpson,* 54 AD2d 646; cf. *Matter of Sinkler v Russo,* 78 AD2d 577). Thus viewed, we find that the determination here is not supported by substantial evidence. Aside from the notice which it appears was mailed to petitioner with her January, 1977 assistance check, the record is devoid of evidence that the local agency otherwise complied with the notice requirements. Although petitioner was recertified for public assistance in January, 1977, the local agency offered no proof that upon recertification petitioner was advised of her duty to report additional resources. Nor does the record indicate that the agency ever procured from petitioner "formal acknowledgment" that she was aware of and understood her reporting obligations. Having thus failed to demonstrate compliance with the regulations, the agency is not entitled to recoupment. (Appeal from judgment of Cattaraugus Supreme Court — art 78.) Present — Dillon, P. J., Cardamone, Simons, Doerr and Moule, JJ.