■ In the Matter of the Estate of FRANK GREGORY, Deceased. ROBERT ABRAMS, as Attorney-General of the State of New York, Appellant; LEONARD J. GREGORIO, as Public Administrator of Westchester County, et al., Respondents. — In a proceeding to determine the validity of a claim against an estate for services rendered to the deceased, the Attorney-General appeals from an order of the Surrogate's Court, Westchester County, dated February 1, 1980, denying his motion, *inter alia,* to intervene in the proceeding. Order reversed, without costs or disbursements, and motion granted. Under the circumstances of this case and in the exercise of our discretion, the Attorney-General is granted permission to intervene. Hopkins, J. P., Titone, Mangano and Gibbons, JJ., concur.

■ In the Matter of HENRY HEITMAN, Appellant, v TOWN OF CORTLANDT, Respondent. — In a proceeding pursuant to CPLR article 78 to compel the Town of Cortlandt to accept an offer of dedication for a certain road in a subdivision, the appeal is from a judgment of the Supreme Court, Westchester County, dated September 4, 1979, which dismissed the petition. Matter remitted to the Supreme Court, Westchester County, for a hearing to determine whether the Town of Cortlandt exercised *de facto* jurisdiction over the road in question. In lieu of a hearing, within 20 days after service upon the respondent of a copy of the order to be made herein, together with a notice of entry thereof, the parties may enter into a stipulation that the town in fact performed certain public functions with regard to said road. Appeal held in abeyance in the interim. Although the record is barren as to whether the Town of Cortlandt exercised *de facto* jurisdiction over the road in question, at oral argument counsel for both parties agreed that the town had performed such public services as garbage pickup and snow removal on the road. Accordingly, in order for this court to rule on the legal effect that such actions have on the towns refusal to accept the offer of dedication, a further record must be made. Mollen, P. J., Hopkins, Titone and Weinstein, JJ., concur.

■ In the Matter of SARAH JACKSON, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent State Commissioner of Social Services, dated April 12, 1979 and made after a statutory fair hearing, which affirmed a determination of the local agency to discontinue petitioners grant of aid to dependent children, on the ground that petitioner had failed to verify how she managed to pay her excess rent. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and respondents are directed to reinstate petitioner's grant retroactively. The proceeding is otherwise dismissed (see *Matter of Clifford v Shang,* 67 AD2d 907). Damiani, J. P., Cohalan, Margett and Weinstein, JJ., concur.