■ JAMAICA SAVINGS BANK, Appellant, v BOSTONIAN HOLDINGS, INC., et al., Defendants. JOSEPH V. SHOSTAK, as Receiver, Respondent. — In a mortgage foreclosure action, plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County, dated February 19, 1980, as awarded counsel fees to the receiver in the amount of $20,000, plus disbursements. Order modified, on the facts, by reducing the counsel fee awarded to $12,500 to be apportioned as follows: $5,000 to Weisman & Weisman, Esqs., and $7,500 to Lans, Feinberg & Cohen, Esqs., in addition to the disbursements payable to Lans, Feinberg & Cohen, Esqs. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Our reading of the affidavits submitted by counsel in support of the application for a counsel fee reveals that some of the work claimed to have been done was duplicative. Furthermore, there are few details set forth by Mr. Weisman which support a fee award in excess of that for which we have provided. Mr. Herman, of Lans, Feinberg & Cohen, Esqs., seems to have actually performed most of the legal work involved herein. Though we find Mr. Herman's affidavit to lend greater support to his claim, the fee requested is excessive to the extent indicated. Titone, J. P., Lazer, Gulotta and Margett, JJ., concur.

■ MARGARITA SANTIAGO, on Behalf of Herself and. Her Minor Children, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services, dated May 30, 1980, which, after a statutory fair hearing, affirmed the determination of the local agency to reduce petitioner's public assistance grant at the rate of $55.10 per month to recoup unreported income of $1,383. Petition granted, determination annulled, on the law, without costs or disbursements, and respondents are directed to return to petitioner all moneys withheld from her grant pursuant to the recoupment. The State commissioner's regulations provide that there shall be periodic notification to the recipients of public assistance, in a particular manner, of their obligation to "report changes in income, resources and other circumstances which may affect the amount of the public assistance grant" (18 NYCRR 352.31 [d] [3]). The record herein is devoid of evidence that petitioner was so notified. The local agency's reliance on petitioner's acknowledgment that she would "inform the agency promptly of any change in * * * income" does not meet the detailed notification requirements. Moreover, there is no indication whatsoever that the Spanish-speaking petitioner understood the English acknowledgment that she signed. The State commissioner's statement that "it is incredible that a welfare recipient of many years standing would not be aware that other income must be considered in computing her grant" is not a substitute for the agency's obligation to comply with the regulations. Notification is a condition precedent to recoupment of prior overpayments from current assistance grants (see *Matter of Cabrera v Toia,* 57 AD2d 833; *Matter of Rivera v Dumpson,* 54 AD2d 646; 18 NYCRR 352.31 [d]). Damiani, J. P., Gibbons, Rabin and Thompson, JJ., concur.