■ In the Matter of VIOLA HAYNES, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent State Commissioner of Social Services, dated January 29, 1979 and made after a statutory fair hearing, as affirmed a determination of the local agency to recoup overpayments caused by petitioner's willful failure to report income received by her for the period March 1, 1974 to June 12, 1974 and directed the local agency to reimburse the petitioner for the amount of the reduction made only for the 12-month period immediately preceding the date of the fair hearing decision. Petition granted; determination annulled insofar as reviewed, on the law, without costs or disbursements, and respondents are directed to return to petitioner the full amount withheld from her grant. It is well settled that the State may not seek to recoup prior overpayments from public assistance grants unless the recipient has previously been notified of his or her obligation to report any changes in income which might affect the amount of the grant (18 NYCRR 352.31 [d] [2] [3]; 45 CFR 233.20 [a] [12] [i]; *Matter of Curry v Blum,* 73 AD2d 965; *Matter of Cabrera v Toia,* 57 AD2d 833; *Matter of Rivera v Dumpson,* 54 AD2d 646). Proof of such notification is a condition precedent to recoupment of prior overpayments from current assistance grants *(Matter of Curry v Blum, supra).* The record fails to establish that the local agency complied with the pertinent Federal and State regulations concerning periodic notice of an obligation to report changes in income. Accordingly, the determination that the petitioner willfully withheld information must be annulled. Damiani, J.P., Gibbons and Margett, JJ., concur.

Thompson, J., dissents and votes to confirm the determination insofar as reviewed and dismiss the proceeding on the merits, with the following memorandum: Petitioner, a recipient of aid to dependent children, began receiving unemployment insurance benefits on March 1 (or March 4), 1974. On April 25, 1974 petitioner attended a "face-to-face" recertification interview and signed a form indicating that she was not receiving unemployment insurance benefits. The form also contained the following statement: "I certify that the information which I have given does not contain any fraudulent statements or deliberate concealment of any material fact that would affect my eligibility for Public Assistance." The agency learned June 12, 1974, from the Office of Management Systems, that petitioner was receiving unemployment insurance benefits. Petitioner claimed at her hearing to have taken her first unemployment insurance benefit check and booklet to her agency center, but the record contains no written evidence of such a visit. The record does contain a routing control sheet, dated October 15, 1975, from the agency center, which states that petitioner "never showed her UIB booklet." She was directed on that date to bring the booklet on October 16, 1975, and did so. At her fair hearing, petitioner testified: "but if you get two dollars extra you means *[sic]* to tell me that's going to * * * I mean I'm not trying to conceal anything, but if you make [any] extra — get two dollars extra, I must report it to them and give it to them? *You could never get anyplace.*" (Emphasis added.) The record contains substantial evidence to support the administrative deter-

mination that the petitioner willfully withheld information about her receipt of unemployment insurance benefits. The agency's determination to recoup for the period March 1, 1974 to June 12, 1974 is not arbitrary or capricious.