In the Matter of MANUEL ROSADO, Appellant, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the State Commissioner of Social Services dated May 8, 1979 and made after a statutory fair hearing, which affirmed a determination of the local agency discontinuing petitioner's grant of home relief, the appeal is from so much of a judgment of the Supreme Court, Kings County, entered October 22, 1979, as dismissed the petition. Judgment affirmed insofar as appealed from, without costs or disbursements. In his petition, appellant alleged a substantial evidence question. "Under these circumstances the proceeding should have been transferred to this court for disposition in the first instance (CPLR 7804, subd [g])" *(Matter of Mistler v Tofany,* 39 AD2d 710; *Matter of Koppel v Hults,* 20 AD2d 669). We must now treat the proceeding as though it had been properly transferred *(Matter of Mistler v Tofany, supra).* Appellant's grant was discontinued on the ground that he is the registered owner of a 1972 Chevrolet automobile. At the fair hearing demanded by appellant, the local agency submitted proof that the book value of appellant's automobile was estimated at $1,725. Appellant testified that the car had been damaged and submitted a recent estimate value of $500 from the salesman who sold him the car. Appellant financed the purchase of the car by obtaining a loan for $1,210.32 from the Republic National Bank of New York. At the time of the hearing he still owed 18 monthly payments at $41, for a total indebtedness of $738. He pays the car insurance and all maintenance costs. His sole income is from public assistance. The State commissioner's finding that the automobile was not essential to his minimal health and living requirements is supported by substantial evidence. The local agency did not make any investigation to find out whether the automobile was actually worth its book value, disregarding its "duty and burden to explore, analyze and evaluate a recipient's resources to determine whether *** the resources are, in fact, available valuable assets, the sale of which would result in a cash surplus which could then be applied to the recipient's needs" *(Matter of Conway v D'Elia,* 56 AD2d 888; see, also, *Matter of Thornton v Lavine,* 51 AD2d 640). However, even if the local agency had performed its statutory duty and found that the automobile's actual value was only $500, the determination to discontinue appellant's grant would have to be confirmed. Retention of the

automobile would divert appellant's available resources, i.e., public assistance funds, to retaining and maintaining a nonessential item. Such a diversion is outside the scope of the intended purposes of these funds and could conceivably give rise to an action for recoupment by the respondents (cf. *Matter of Housey v Berger*, 55 AD2d 933). Available resources must be utilized to meet public assistance needs. This case is distinguishable from the holdings in *Matter of Thornton v Lavine* (51 AD2d 640, *supra)* and *Matter of Conway v D'Elia* (56 AD2d 888, *supra),* because neither of those cases dealt with a risk of diverting public assistance funds to acquiring, retaining or maintaining a nonessential item. Upon the sale or transfer of his automobile, appellant may reapply for a grant of home relief. Hopkins, J. P., Rabin, Gulotta and Thompson, JJ., concur.