■ In the Matter of OPHELIA EASTERLING, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent State Commissioner of Social Services, dated November 15, 1979 and made after a statutory fair hearing, which affirmed a determination of the local agency to reduce the grant of public assistance received by petitioner on behalf of herself and her two minor children in order to recoup an overpayment of public assistance which allegedly resulted from petitioner's willful withholding of information. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and respondents are directed to restore to petitioner any public assistance that may have been withheld pursuant to that determination. In all other respects, the proceeding is dismissed. The respondent State Commissioner's regulations provide that a recoupment, pursuant to 18 NYCRR 352.31 (d) (2), of an overpayment caused by a recipient's willful withholding of information "shall be made only when: (i) recipients are periodically notified, in the form required by the department and not less frequently than semiannually, that *(a)* they must report changes in income, resources and other circumstances which may affect the amount of the public assistance grant to the local social services agency within 10 days after each change, and *(b)* they must report unexplained increases of a specified amount in their public assistance payments over their prior payments before cashing their public assistance checks. This notification shall indicate the type of information to be disclosed by the recipient and shall include examples of the most frequent types of newly acquired income or resources (e.g., inheritance, wages from part-time job); (ii) the recipient has been advised that he is required to contact the social services agency within 10 days if there is any doubt whether a particular change in circumstances constitutes reportable information; and (iii) the social services agency has obtained periodic formal acknowledgment by the recipient that the reporting obligations have been brought to his attention and that they were understood." (18 NYCRR 352.31 [d] [3].) The record of the fair hearing does not establish that the requirements of 18 NYCRR 352.31 (d) (3) were met by the local agency. Accordingly, the determination of the State commissioner affirming the local agency's determination to recoup from petitioner's grant pursuant to 18 NYCRR 352.31 (d) (2) must be annulled. (See *Matter of Knowlton v Shang,* 78 AD2d 973; *Matter of Curry v Blum,* 73 AD2d 965; *Matter of Cabrera v Toia,* 57 AD2d 833; *Matter of Rivera v Dumpson,* 54 AD2d 646.) Therefore, we need not address petitioner's contentions with respect to the propriety of the amount of the recoupment. One of the prerequisites for petitioner to be awarded attorney's fees pursuant to section 1988 of title 42 of the United States Code is the allegation of a meritorious cause of action under, *inter alia,* sections 1981, 1982, 1983, 1985 or 1986 of title 42 of the code. The sole cause of action asserted in the amended petition under any of those provisions is a cause of action under section 1983 of title 42, under which petitioner claims that she was denied due process because the respondent State commissioner affirmed the amount of the monthly recoupment on a basis that was different from that relied on by the local agency at the fair hearing. However, the basis for the State commissioner's determination in this respect does not differ from that invoked by the local agency to the degree that petitioner's due process rights were violated. Accordingly, there is no basis upon which to award petitioner attorney's fees pursuant to section 1988 of title 42. Titone, J. P., Gibbons, Gulotta and Margett, JJ., concur.