■ In the Matter of ALICE BARDIN, on Behalf of Herself and Minor Children, Appellant, v JOHN BEAUDOIN, as Commissioner of the Rensselaer County Department of Social Services, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Miner, J.), entered March 3, 1980 in Rensselaer County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the State Commissioner of Social Services. Petitioner failed to notify the local agency that she had received certain tax refunds after her application for social services benefits had been filed. When the local agency became aware that such refunds had been received and spent by petitioner during the period for which she also received social services benefits, the agency determined to recoup the overpayment at the rate of a 5% reduction of benefits per month. The respondent State commissioner modified that determination by directing that any earned credit allowance included in the income tax refund be exempted from recoupment. Petitioner, upon appeal, alleges that the local agency and the State commissioner erred in determining that she was overpaid because she used her refunds for purposes which reduced her need for assistance. However, that contention has no merit. (See *Matter of Curry v Blum,* 73 AD2d 965.) As stated by Mr. Justice Miner in his opinion at Special Term: "No challenge is mounted in this proceeding to the factual determination that petitioner willfully withheld the fact that she received the income tax refunds. Indeed, she indicated anticipation of receipt of the refunds in response to a questionnaire at a time when she had already received and spent the funds. The consequences of such evasion are clear — recovery by a reduction of future payments at a rate not exceeding 10% of household needs. (18 NYCRR 352.31 [d].) Whatever the result might be had the petitioner properly disclosed receipt of the funds, the willful withholding of information by petitioner mandates confirmation of the determination by respondent Blum. *(Matter of Avery* v. *Berger,* 56 A D 2d 725; cf. *Matter of Hetrick* v. *Reed,* 60 A D 2d 761.)" Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Casey, Weiss and Herlihy, JJ., concur.