■ In the Matter of JOAN CAVEZZA, for Herself and Her Infant Children, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent State commissioner, dated March 20, 1981 and made after a statutory fair hearing, which affirmed a determination of the local agency to reduce petitioner's grant of public assistance on behalf of herself and her five minor children in order to recoup overpayments which allegedly resulted from petitioner's willful withholding of information. Petition granted, determination annulled, on the law, without costs or disbursements, and respondents are directed to restore to petitioner any public assistance that may have been withheld pursuant to the determination under review. Matter remitted to the Supreme Court, Nassau County, for a hearing in accordance herewith. When the alleged overpayments occurred, the State commissioner's regulations provided, in conformity with the prevailing Federal regulations (45 CFR 233.20 [a] [12] [i]), that recoupment of overpayments caused by a recipient willfully withholding information "shall be made only when: (i) recipients are periodically notified, in the form required by the department and not less frequently than semiannually, that (a) they must report changes in income, resources and other circumstances which may affect the amount of the public assistance grant to the local social services agency within 10 days after each change, and (b) they must report unexplained increases in a specified amount in the public assistance payments over their prior payments before cashing their public assistance checks. This notification shall indicate the type of information to be disclosed by the recipient and shall include examples of the most frequent types of newly acquired income or resources (e.g., inheritance, wages from part-time job); (ii) the recipient has been advised that he is required to contact the social services agency within 10 days if there is any doubt whether a particular change in circumstances constitutes reportable information; and (iii) the social services agency has obtained periodic formal acknowledgement by the recipient that the reporting obligations have been brought to his attention and that they were understood" (18 NYCRR 352.31 [d] [3]). The local agency adduced no proof at the fair hearing that it met the requirements of 18 NYCRR 352.31 (d) (3). Therefore, the determination of the State commissioner affirming the local agency's decision to recoup the alleged overpayments from petitioner's grant pursuant to 18 NYCRR 352.31 (d) (2) must be annulled (*Matter of Curry v Blum,* 73 AD2d 965). The alleged overpayments, the fair hearing and the determination in issue all predated the December, 1981 amended version of 18 NYCRR 352.31 (d); that amended version is not, therefore, controlling in the case at bar (*Matter of Bostic v Blum,* 93 AD2d 862). In addition, the local agency did not establish a lack of need on the part of petitioner's children and it could not, therefore, reduce their grant based on the petitioner's alleged misconduct, i.e., the alleged willful withholding of information (see *Matter of Gutierrez v Blum,* 73 AD2d 690; see, also, *Matter of Gunn v Blum,* 48 NY2d 58; *Matter of Bodden v Blum,* 89 AD2d 588). Inasmuch as the petitioner has been successful on her claim which is cognizable under section 1983 of title 42 of the United States Code the case must be remitted to Special Term to afford respondents an opportunity to demonstrate whether special circumstances exist which would bar an award of counsel fees (see US Code, tit 42, § 1988; *Matter of Johnson v Blum,* 58 NY2d 454) and, if not, to fix a reasonable fee in accordance with the guidelines set forth in *Matter of Rahmey v Blum,* 95 AD2d 294). Damiani, J. P., Titone, Gulotta and Rubin, JJ., concur.