■ TOWN OF NORTH HEMPSTEAD, Respondent, v SEA CREST CONSTRUCTION CORP. et al., Appellants. — In an action to recover a chattel and money damages for breach of contract, defendants appeal from an order of the Supreme Court, Nassau County (Becker, J.), entered July 13, 1982, which granted plaintiff's motion to confirm an ex parte order of seizure and denied defendants' cross motion to vacate the order. Order affirmed, with costs. Whatever the deficiencies in the affidavit supporting the order of seizure, the Town of North Hempstead sustained its burden of proof on its motion for confirmation, and there is no basis for vacatur of the order of seizure at this time. Titone, J. P., Lazer, Thompson and O'Connor, JJ., concur.

■ In the Matter of MARIA HERNANDEZ, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated June 14, 1982, and made after a statutory fair hearing, which affirmed a determination of the local agency to discontinue the grant of public assistance received by petitioner. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to the respondent Commissioner of the Nassau County Department of Social Services for a determination in accordance herewith. We find that the determination that petitioner had excess resources which she failed to reveal to the local agency is supported by substantial evidence (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). Petitioner failed to rebut the presumption that one half of the funds deposited in a bank account in the names of her brother and herself were available to her (Banking Law, § 675, subd [b]). The testimony offered at the hearing by petitioner and her brother that a $2,000 withdrawal from their joint account was used to pay their father's rent was inconsistent with the purpose stated in a note written by the father and offered in evidence by petitioner. Petitioner's credibility was therefor in question and her testimony could properly have been rejected. Such self-serving circumstantial evidence offered by the petitioner gives rise to permissible reasonable inferences supporting the agency's determination (cf. *Matter of Hopkins v Blum,* 87 AD2d 613, 614, affd 58 NY2d 1011). Petitioner's proof was not so clear and convincing as to rebut the statutory presumption (see *Matter of Coddington,* 56 AD2d 697). While there is substantial evidence to support the determination as to petitioner's eligibility, the respondents failed, however, to make any determination with respect to the issue of need on the part of petitioner's children. Under such circumstances, the grant was improperly discontinued based solely on the petitioner's ineligibility to receive public assistance (cf. *Matter of Cavezza v Blum,* 97 AD2d 760). Accordingly, the matter is remitted to the local agency for an allocation of the grant as between petitioner and her children and for a finding as to whether there is a lack of need on their part. If no such finding is made, any withheld portion of the grant which is allocable to the children is to be restored. Mangano, J. P., O'Connor, Brown and Boyers, JJ., concur.