JANICE COVILLE, Appellant, v BARBARA BLUM, as Commissioner of the New York Department of Social Services, et al., Respondents. — Judgment unanimously vacated, without costs, and determination annulled. Memorandum: Petitioner appeals the dismissal of her petition pursuant to CPLR article 78 seeking class certification and annulment of a fair hearing decision. On February 26, 1980, petitioner received Federal and State income tax refunds in the sum of $682.27. Shortly thereafter, petitioner used the refund moneys to pay various overdue bills and household expenses. She did not notify the local social services agency of receipt of the tax refunds because at the time she was not a recipient of public assistance and did not think she was obligated to do so. When the agency subsequently learned that petitioner had received the tax refunds, they notified petitioner of their intention to recoup the full amount of the refund. A fair hearing decision, affirmed by respondent Blum, determined that petitioner had willfully withheld information concerning her resources and ordered recoupment for the full amount of the tax refunds she received. Special Term affirmed the fair hearing decision and dismissed the petition.

Initially, we note that Special Term did not have jurisdiction to entertain this proceeding since the primary issue to be resolved is whether the determination by respondent was supported by substantial evidence. Its obligation was to transfer the proceeding directly to this court (CPLR 7804, subd [g]). We thus vacate Special Term's order and treat the proceeding as though it had been properly transferred (see *Matter of Schultz v Tonawanda Housing Auth.,* 79 AD2d 843, 844; *Matter of Knowlton v Shang,* 78 AD2d 973, 974).

We find that the determination that petitioner willfully withheld information is not supported by substantial evidence. The local agency offered no proof at the fair hearing that it notified petitioner she was obligated to report a change in her "income, resources and other circumstances which may affect the amount

of the public assistance grant" (18 NYCRR 352.31 [d] [3] [i]). Compliance with this notice requirement was a precondition to recoupment at the time the fair hearing decision was rendered (see *Matter of Knowlton v Shang, supra*). Petitioner's failure to report receipt of the income tax refunds, absent such notification, does not constitute substantial evidence of petitioner's willful withholding of information (see *Matter of French v Blum,* 54 NY2d 1017; *Matter of Goloty v Smith,* 70 AD2d 642; *Matter of Hetrick v Reed,* 60 AD2d 761; *Matter of Badame v Berger,* 55 AD2d 931). Moreover, the record reveals that the local agency failed to ascertain whether recoupment would "cause undue hardship" to petitioner (18 NYCRR 352.31 [d] [4]). Having thus failed to demonstrate compliance with the regulations in effect at the time, the local agency was not entitled to recoupment. The determination is, therefore, annulled. In view of our disposition we need not reach any of the other contentions raised. (Appeal from judgment of Supreme Court, Orleans County, Miles, J. — art 78.) Present — Dillon, P. J., Green, O'Donnell, Moule and Schnepp, JJ.