■ In the Matter of JULIA CSANKO et al., Petitioners, v CESAR A. PERALES et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated February 19, 1986, which, after a hearing, confirmed a determination of the local agency discontinuing medical assistance to the petitioners' decedent Thomas Davis.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the determination of the respondent State Commissioner is modified by deleting therefrom the finding that the petitioners' decedent Thomas Davis had available resources of $48,900.30; as so modified, the determination is confirmed and the proceeding is otherwise dismissed, and the matter is remitted to the respondent State Commissioner for redetermination of the amount of the petitioners' decedent Thomas Davis's available resources upon which a new application for medical assistance may be made, if appropriate.

The petitioners' decedents, Frank and Julia Davis, were husband and wife when Mr. Davis was hospitalized and then transferred to a nursing home, where he later died. At or about the time he was hospitalized, Mrs. Davis, who is now also deceased, applied for medical assistance on her husband's behalf. Shortly after the application was granted, the local agency determined that medical assistance should be discontinued because of a transfer of property in order to qualify for it.

The record before us establishes, and petitioners effectively concede, that, within 24 months prior to the date of the application for medical assistance, Mrs. Davis transferred approximately $48,000 from bank accounts held jointly with her husband to accounts in her name alone. At the statutory fair hearing conducted in December 1985, Mrs. Davis testified that funds deposited in the joint accounts since 1966 were derived solely from her earnings. She also testified that the money was transferred to her name alone at or around the time of Mr. Davis's hospitalization because "I thought it was mine, and I could just take it out".

We cannot agree with the petitioners that this evidence

successfully rebuts the presumption that funds in the joint accounts constituted an available resource out of which Mr. Davis's medical expenses could be paid *(see,* Banking Law § 675 [a], [b]; *Matter of Hernandez v D'Elia,* 99 AD2d 777, *lv denied* 65 NY2d 606). Nor can we agree that such evidence was sufficient to rebut the presumption that the transfer of funds was made for the purpose of establishing Mr. Davis's eligibility for medical assistance *(see,* Social Services Law § 366 [5]; 18 NYCRR 360.8). We therefore conclude that the determination that one half of the funds in the joint accounts belonged to Mr. Davis is supported by substantial evidence. However, the record reveals, and the respondents concede, that $16,000 withdrawn from one account on April 3, 1984, and deposited in another account was determined to be two transfers and was erroneously counted twice in computing the amount of funds available to Mr. Davis. We, therefore, direct that the respondent State Commissioner recompute the amount of available resources.

We have considered the petitioners' remaining contentions and find them to be without merit. Lawrence, J. P., Rubin, Eiber and Harwood, JJ., concur.